UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00200-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BILLY DARRYL FLOYD,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the following motions filed by defendant acting as his own counsel:

(1) Notice of Motion and Motion to Intervene (#50);

(2) Motion to Dismiss (#58);

(3) Motion to Fire Attorney (#59);

(4) Affidavit of Rebuttal to Grand Jury Charges (#60); and

(5) Judicial Notice of Adjudicative Facts (#62).

The Court has read each of these pleadings and determined that none of them have any legal or factual merit. See Notice of Motion and Motion to Intervene (#50) (improperly based on Fed.R.Civ.P. 24 and substantively without merit as, *inter alia*, the North Carolina Constitution is not a source of rights in this federal action); Motion to Dismiss (#58) (frivolous assertion that the undersigned lacks jurisdiction over him based on his oath of office, among other frivolous reasons); Motion to Fire Attorney (#59) (improper assertion of North Carolina Constitution in this federal action and defendant has no ability to "fire" standby counsel, who serves at this court's pleasure); Affidavit of Rebuttal to Grand Jury Charges (#60) (frivolous as there is no procedure

1

for filing a written "Answer" to the Indictment, as the indictment is answered at arraignment by entry of a plea); and Judicial Notice of Adjudicative Facts (#62) (courts do not take judicial notice of documents defendant tenders to the court; rather, defendant will (unless prohibited from doing so in limine) have to attempt to have such documents introduced under at trial during any evidence he may wish to put on, which will be governed by the Federal Rules of Evidence).

While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, Leeke v. Gordon, 439 U.S. 970 (1978), and a district court is charged with liberally construing those pleadings to allow the development of potentially meritorious issues, Hughes v. Rowe, 449 U.S. 5, 9 (1980), review of each motion reveals that there is no possible relief as each motion is based on what are generally recognized as "tax protestor" arguments that have been universally rejected. In his motions, defendant takes positions which have been routinely rejected at all levels of the federal courts. See Lonsdale v. United States, 919 F.2d 1440, 1447-48 (10th Cir.1990) (plaintiff is a person subject to federal income tax, invalidating numerous other frivolous tax protester arguments); Lovell v. United States, 755 F.2d 517, 519 (7th Cir.1984) (all individuals, natural or unnatural, are subject to federal income tax upon their wages). Thus, defendant's motions are all without merit and will be denied.

\*\*\*

Based on the frivolous nature of these filings, defendant is cautioned that his right to proceed *pro se* is not absolute. In United States v. Bush, 404 F.3d 263 (4th Cir.2005), the Fourth Circuit held that the district court did not err in denying defendant's request to proceed *pro se* after finding defendant intended to manipulate the trial process. Id. at 271. In reaching this result, the Fourth Circuit noted that "the government's interest in ensuring the integrity and efficiency of the

trial at times outweighs the defendant's interest in acting as his own lawyer." Id. (internal quotations omitted).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se (1) Notice of Motion and Motion to Intervene (#50), (2) Motion to Dismiss (#58), (3) Motion to Fire Attorney (#59), (4) Affidavit of Rebuttal to Grand Jury Charges (#60), and (5) Judicial Notice of Adjudicative Facts (#62) are DENIED.

Signed: May 12, 2017

Max O. Cogburn Jr
United States District Judge