UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA   )   DOCKET NO. 3:16-CR-200
                        )
       vs.             )
                        )
BILLY DARRYL FLOYD,      )
                        )
         Defendant.    )
_____)


TRANSCRIPT OF INITIAL APPEARANCE
BEFORE THE HONORABLE DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE
SEPTEMBER 6, 2016



<u>APPEARANCES</u>:

On Behalf of the Government:

     GREGORY P. BAILEY, ESQ.
     U.S. Department of Justice - Tax Division
     601 D Street, N.W., Suite 7919
     Washington, DC 20004

On Behalf of the Defendant:

     CALEB NEWMAN, ESQ.
     Federal Public Defender's Office
     129 West Trade Street, Suite 300
     Charlotte, North Carolina 28202


Digitally recorded proceedings transcribed by:

              Cheryl A. Nuccio, RMR-CRR
                Official Court Reporter
           United States District Court
             Charlotte, North Carolina

<u>P R O C E E D I N G S</u>

1  (Transcript of proceedings digitally recorded on

2  September 6, 2016.)

3  THE COURT:  United States versus Billy Floyd.

4  MR. NEWMAN:  Good afternoon, Your Honor.

5  THE COURT:  Mr. Newman.

6  Mr. Bailey.

7  MR. BAILEY:  Yes, Your Honor.  Good afternoon.  Greg

8  Bailey for the United States.

9  THE COURT:  Sir, this is your first appearance in

10 United States District Court in this matter.  The attorney

11 standing in with you is Mr. Newman with the Federal Defender's

12 Office.  He is here to assist you during the hearing today.

13 You do have a right to remain silent and anything

14 you say may be used against you.

15 May this indictment be unsealed at this point?

16 MR. BAILEY:  Yes, Your Honor.  The government will

17 move to unseal.

18 THE COURT:  All right.  I'll grant the motion.

19 Sir, you are charged in this indictment with a total

20 of six charges.  I will summarize the charges and ask the

21 government to state the penalties if you're convicted on these

22 charges.

23 The first charge is attempting to interfere with the

24 administration of the internal revenue laws, and this is

1　charged from October of 2007 through September of 2011 in the

2　Western District of North Carolina and elsewhere.  And what it

3　charges is that you attempted to obstruct and impede the

4　administration of the internal revenue laws, the tax laws, by

5　filing false documents and tax returns and by attempting to

6　permit the sale of property that had been seized by the IRS

7　and by attempting to intimidate employees of the IRS.

8　　　　　Do you understand what I'm saying about that charge,

9　sir?

10　　　　　THE DEFENDANT:  I see it, but this is my first

11　time --

12　　　　　THE COURT:  All right, sir.

13　　　　　THE DEFENDANT:  -- looking at it so I'm just --

14　　　　　THE COURT:  All right.

15　　　　　THE DEFENDANT:  -- consuming it.

16　　　　　THE COURT:  All right.  And that's -- the purpose of

17　this hearing is to give you a copy of the indictment and

18　inform you of the charge and then the penalty if you're

19　convicted.

20　　　　　And the penalty on that charge is?

21　　　　　MR. BAILEY:  The penalty is a maximum of three

22　years' imprisonment, one year supervised release, $5,000 fine,

23　and a $100 special assessment.

24　　　　　THE COURT:  Then the remaining charges charge filing

25　false tax returns.

1    Count two charges that on October 22nd, 2010, within
2  this district, that you filed a false IRS Form 1040X for the
3  year 1999.
4         Count three charges that on or about October 22nd,
5  2010, in this district, that you filed a false Amended U.S.
6  Individual Tax Return Form 1040X for tax year 2000.
7         Count four charges that on October 22nd, 2010, in
8  this district, that you made and subscribed an Amended U.S.
9  Individual Tax Return Form 1040X for the tax year 2001 that
10  was false.
11         Count five charges that on that same date,
12  October 22nd, 2010, within this district, that you falsely
13  made and subscribed a U.S. Individual Tax Return Form 1040X
14  for the year 2002 that was a false return.
15         And finally, the last count, count six, charges on
16  that same date that you filed a false IRS Form 1040X for the
17  tax year 2003.
18         So those remaining charges, two through six, charge
19  filing false tax returns.  Do you understand that, sir?
20         THE DEFENDANT:  I understand what you're saying, but
21  as far as --
22         THE COURT:  That's all I'm asking.
23         THE DEFENDANT:  As far as I can -- you know, all I
24  can do is look at it and say yes, sir.
25         THE COURT:  Well, as I say, I'm just wanting -- I'm

1    just wanting to go over --

2              THE DEFENDANT:  Sure.

3              THE COURT:  -- what's in this indictment with you.

4              THE DEFENDANT:  Sure.

5              THE COURT:  So you understand what you're charged

6    with.

7              THE DEFENDANT:  Right.

8              THE COURT:  And what the penalties are.  This is

9    just the first step of the process.

10             THE DEFENDANT:  Sure, and I thank you for your

11   courtesy.

12             THE COURT:  And the penalty on each of those is?

13             MR. BAILEY:  Yes, Your Honor, for each count will be

14   three years' imprisonment, one year supervised release, a

15   $100,000 fine, and a $100 special assessment.

16             So those are the charges, sir, and the penalties.

17   Do you understand those as they have been stated?

18             THE DEFENDANT:  If what he's saying is correct, yes,

19   sir.

20             THE COURT:  You have a right to be represented by an

21   attorney here and if you can't afford one, I'll consider

22   appointing counsel for you.

23             Do you own or rent the place where you live, sir?

24             THE DEFENDANT:  More or less rent.

25             THE COURT:  How much rent do you pay?

1       THE DEFENDANT:  Basically they let me stay there.
2   More or less they let me stay there.
3       THE COURT:  So you're not paying any rent.
4       THE DEFENDANT:  No, not really.
5       THE COURT:  All right.
6       THE DEFENDANT:  They just let me stay there.
7       THE COURT:  Well, I'll appoint counsel, sir, and the
8   federal defender will assign an attorney to your case.
9       THE DEFENDANT:  Thank you, sir.
10      THE COURT:  What's the government's position on his
11  bond?
12      MR. BAILEY:  We're not going to seek detention, Your
13  Honor.  The standard 25,000 unsecured is fine with the
14  government.
15      THE COURT:  All right.  Do you want to say anything
16  about him, Mr. Newman?
17      MR. NEWMAN:  No, sir, Your Honor.  I know very
18  little, to be completely honest with the Court.  But
19  Mr. Floyd -- I had a very short time to discuss the charges
20  with him.  In fact, I didn't even have a copy of the
21  indictment when I was speaking with Mr. Floyd earlier.  But
22  Mr. Floyd tells me that he has a number of commitments that he
23  needed to make and was hopeful that the government would not
24  move for detention and we are thankful for the government's
25  concession on that point.

1  THE COURT:  What is the address of the place where
2  you're living, sir?
3  THE DEFENDANT:  2601 Spring Drive.
4  THE COURT:  And where is that?
5  THE DEFENDANT:  It's in Union County.
6  THE COURT:  What is the address?  Monroe or what's
7  the address?
8  THE DEFENDANT:  Yeah, I'm sorry.  I apologize.  Yes,
9  Monroe.
10  THE COURT:  And when you say someone is letting you
11  live there, who is it that is letting you live there?
12  THE DEFENDANT:  I just live there, you know.
13  Trustees own the house.  I don't -- I don't own the house.
14  THE COURT:  How long have you lived there?
15  THE DEFENDANT:  Approximately six years, somewhere
16  in that area.  I pay the bills.  You know, what little money I
17  make, I pay the bills.
18  THE COURT:  All right.
19  THE DEFENDANT:  Keep it up.
20  THE COURT:  The reason why I'm asking those
21  questions is probation -- the pretrial officer is going to
22  have to know where you are, so...
23  THE DEFENDANT:  Truthfully, I have no where else but
24  that.  He can have my phone number.  He's welcome to call me.
25  THE COURT:  All right.  Well, these will be the

1    conditions of release, then.

2              Unsecured bond in the amount of 25,000.

3              Those conditions will include that you not violate

4    any local, state or federal laws.

5              That you report to the probation officer whenever

6    they order you to report.

7              You may not use or possess any weapons or illegal

8    drugs.

9              The probation officer has the authority to search

10   your person, your premises or your computer, also to drug test

11   you.

12             Your travel is restricted to the Western District of

13   North Carolina.

14             THE DEFENDANT:  Sir.  Sir --

15             THE COURT:  Let me finish.

16             THE DEFENDANT:  Okay.

17             THE COURT:  Your travel is restricted to the Western

18   District of North Carolina.  Any other travel would require

19   permission of the probation officer.

20             Do you have a passport?

21             THE DEFENDANT:  No.  Well, yeah, I guess I do, but

22   I'm not planning on going nowhere.

23             THE COURT:  All right.  Well, you're ordered to

24   surrender the passport to probation forthwith.

25             THE DEFENDANT:  Yeah.

1        THE COURT:  Now, what was your question about the

2  travel?

3        THE DEFENDANT:  I travel toward the eastern part of

4  North Carolina, Lumberton area.  My parents' dwelling was

5  there -- is there and they passed away and we're working on

6  selling -- getting rid of all my parents' stuff.  So that

7  would be the only direction that I would be going would be in

8  the eastern part of North Carolina.

9        THE COURT:  Well, if you need to travel down there,

10  you need to notify the probation officer.

11        THE DEFENDANT:  Sure.

12        THE COURT:  And I'm sure --

13        THE DEFENDANT:  Who is he?

14        THE COURT:  Well, this gentleman is going to talk to

15  you today.  I'm not sure who your pretrial officer ultimately

16  will be.

17        THE DEFENDANT:  Sure.

18        THE COURT:  But you just need to --

19        THE DEFENDANT:  Just let him know --

20        THE COURT:  -- make them aware of that and ask their

21  permission to make those travels.

22        THE DEFENDANT:  Sure.  No worries with that, sir.

23        THE COURT:  Are there any other conditions the

24  government is concerned about as far as conditions of release?

25        MR. BAILEY:  No, Your Honor.

1          THE COURT:  All right.  So, sir, those are going to
2    appear on the screen there and you'll be signing the bond
3    first of all and then second the conditions of release.

4          THE DEFENDANT:  Sure.

5          (Pause.)

6          THE COURT:  Your attorney will be in touch with you,
7    sir.

8          THE DEFENDANT:  Sure.

9          THE COURT:  And then once counsel has been
10   appointed, your next court date will be an arraignment.
11   That's where you formally enter a plea.

12         THE DEFENDANT:  Has he got a phone number to contact
13   me or...

14         THE COURT:  Mr. Newman is with the Federal
15   Defender's Office.  He can explain that to you, sir.

16         THE DEFENDANT:  Sure.

17         THE COURT:  But yes, they should.

18         THE DEFENDANT:  Thank you for your courtesy and your
19   time.

20         THE COURT:  Marshal, you may recess court.

21         (End of proceedings.)

22                        *****

23

24

25

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CERTIFICATE OF REPORTER




        I, Cheryl A. Nuccio, Federal Official Realtime Court

Reporter, in and for the United States District Court for the

Western District of North Carolina, do hereby certify that

pursuant to Section 753, Title 28, United States Code, that

the foregoing is a true and correct transcript of the

digitally-recorded proceedings, transcribed to the best of my

ability, held in the above-entitled matter and that the

transcript page format is in conformance with the regulations

of the Judicial Conference of the United States.


        Dated this 1st day of June 2017.



                        s/Cheryl A. Nuccio
                        _____
                        Cheryl A. Nuccio, RMR-CRR
                        Official Court Reporter