UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA    )   DOCKET NO. 3:16-CR-200
                              )
       vs.            )
                              )
BILLY DARRYL FLOYD,      )
                              )
        Defendant.     )
_____)

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MAX O. COGBURN, JR.
UNITED STATES DISTRICT COURT JUDGE
MARCH 20, 2017

APPEARANCES:

On Behalf of the Government:

    GREGORY P. BAILEY, ESQ.
    MICHAEL P. HATZIMICHALIS, ESQ.
    U.S. Department of Justice, Tax Division
    601 D Street, N.W., Suite 7919
    Washington, DC 20004

On Behalf of the Defendant:

    RAHWA GEBRE-EGZIABHER, ESQ.
    Federal Public Defender's Office
    129 West Trade Street, Suite 300
    Charlotte, North Carolina 28202

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter
United States District Court
Charlotte, North Carolina

P R O C E E D I N G S

(Court resumed at 2:04 p.m.)

THE COURT:  All right.  We've got a couple of things moving here.  We've got -- Mr. Floyd, now you were -- first let me ask counsel.  You were appointed in this case.  You are the...

MS. GEBRE-EGZIABHER:  Yes, Your Honor.

THE COURT:  And so you can't just get rid of your lawyer.  You have to -- by sending a letter I don't need it anymore.

Do you want another lawyer or do you want to do this on your own?

THE DEFENDANT:  Am I here under special visit today?  Special appearance?

THE COURT:  Yeah, you are.  You're here today primarily -- originally we set this hearing up and notification for the hearing in order to determine whether or not you understood that -- your plea offer.  They were making absolutely sure that you understood that if you were convicted, you might receive a more severe sentence and that's because the -- we've had defendants claiming, well, I never knew I could have gotten that good a plea before I went to trial.  So they now try to -- now everybody wants everybody to -- pretty soon we'll send everybody to law school before they can take a plea.

1          But right now the question is, were you offered a
2     plea in this case?  That's what we came for.  But in doing
3     that we found out that you sent a letter -- and this happens.
4     People get cross ways and they send letters.  And it's one of
5     those things that -- you're relieved as of March 8th.  You're
6     not acting in my best interest nor does it appear you plan to
7     work for my best interest, and on and on and on.
8          So what do you want to do?  Right now you're going
9     to trial.  You've got a good trial lawyer with you.  What are
10    you wanting to do here?
11         THE DEFENDANT:  Your Honor, is it possible I could
12    see you in chambers?
13         THE COURT:  No, we have to -- we only can do this
14    stuff in open court.  I can -- I don't know what your -- what
15    the problem is.  I do know you've got a good lawyer.  That I
16    know.  I also know that defendants -- good lawyers and
17    defendants, good defendants, get cross ways with each other.
18    Sometimes it reaches parts where we have to do something.
19         But you have to be very, very careful because if you
20    get rid of one lawyer and the Court gives you another lawyer,
21    you might think maybe I better have that other one back, and
22    we don't just keep giving lawyers until you get one that you
23    think is representing you the way you ought to be represented.
24    That's what happens in these appointed cases.
25         So tell me what you want to do.

1    THE DEFENDANT:  I'd like to settle the matter right

2  now.  Is it possible we can settle right now?

3    THE COURT:  I don't know.  First I've got to make

4  sure you're okay with your lawyer because -- in her

5  negotiations for you.  The purpose -- there's been a plea

6  offer in the case.  I don't know what the offer is.  But I

7  guess what I'm supposed to do in this hearing is to find out

8  if it was given to you by your lawyer.

9    Tell me what the government wants here.

10    MR. BAILEY:  Yes, Your Honor.  The government is

11  happy to put on -- orally on the record the series of written

12  pleas that we've made the defendant and the lack of response

13  that we have to date, if the Court wants us to go through each

14  one and the differences between that.

15    THE COURT:  Yeah, if you would, if you would do

16  that.  Let's put it on the record.

17    MR. BAILEY:  Your Honor, on October 6th, 2016, the

18  government provided a written plea -- proposed plea agreement

19  to defense counsel that was a plea of guilty to count one of

20  the indictment, which is 26 U.S.C. Section 7212(a), which

21  allowed -- which agreed to a loss amount of $109,086, a

22  level -- a sentencing level of 16, plus 3 -- minus 3 points

23  for acceptance, which would be a sentencing level of 13, which

24  will lead, if he was criminal history category I, to a

25  sentencing range of 12 to 18 months' imprisonment which was

1 zone C.

2         Comparing that to the guidelines for a trial
3 conviction at which the government believes it could prove a
4 sentencing loss of $660,946 would be a sentencing level 20,
5 which would be a zone D sentence of 33 to 41 months'
6 imprisonment.

7         A second written plea agreement proposal was then
8 submitted to defense counsel after negotiations on January 26,
9 2017, at which point the sentencing guidelines were changed to
10 2J1.2(a) under the same count one, 7212(a). The tax loss was
11 removed and conduct that did not affect the tax loss was the
12 only conduct that would be admitted to, which would put the
13 sentencing level at a 14, minus 2 for acceptance, which would
14 put Mr. Floyd at a level 12 for sentencing, again assuming
15 criminal history category I, would be a 10 to 16 month
16 sentence also in zone C.

17         Both of those plea offers have gone
18 unacknowledged -- were acknowledged by defense counsel, but we
19 have not received affirmative or negative answers to either
20 offer.

21         THE COURT:  Okay.  And I guess what I'm -- what we
22 need to to know, Mr. Floyd, is did you receive those plea
23 offers?

24         THE DEFENDANT:  Your Honor, I have not received the
25 plea offers, if I'm still here under special appearance.  Am

1   I?

2           THE COURT:  Well, yeah.  I mean, you're here under

3   appearance.  I mean --

4           THE DEFENDANT:  No, special appearance.  I was -- I

5   was invited here under special appearance under special

6   request today.  And I'm here to settle the matter.

7           THE COURT:  Well, you're here because it was on the

8   calendar and everybody was supposed to be here for this

9   hearing and then nobody showed up and so we got the -- that's

10  why you ended up -- these folks were down from Washington, and

11  so we took whatever efforts we could to get you noticed into

12  this hearing.

13          THE DEFENDANT:  Your Honor, like I said, I'm here

14  under special appearance if that's okay with you.

15          THE COURT:  I don't know what special appearance

16  means.

17          THE DEFENDANT:  There was a mix up -- there was a

18  mix up under my standing, if that's okay with you.  But I do

19  not wish not to -- to waste the Court's time.  I can --

20          THE COURT:  Let me just say this.  There's no --

21  there's no such thing as special appearance.  You're appearing

22  because you need to be here and that kind of thing -- I mean,

23  there may be -- there's -- there are folks who use different

24  terminology that they think is magic words kind of that get

25  them through these things and it's not.  You're either here to

1  try -- you're here today just to see if you got these plea
2  offers.  And if you did, then -- and don't want to take them,
3  that's fine.  And if you didn't, then you need to be able to
4  think about them and see if it's something that you want to
5  do.
6          THE DEFENDANT:  Is it a problem if I could give it
7  some consideration --
8          THE COURT:  No.
9          THE DEFENDANT:  -- to understand?
10         THE COURT:  No.
11         THE DEFENDANT:  I don't understand under --
12         THE COURT:  You can --
13         THE DEFENDANT:  -- under what's going on.
14         THE COURT:  You can -- you can -- there's no problem
15 with you having time to think about these.  What I'll need is
16 a motion to continue to a date certain for this to come up for
17 either plea or trial, at which time it would come up for plea
18 or trial.
19         THE DEFENDANT:  Is it okay if I give you a notice?
20         THE COURT:  A notice of what?
21         THE DEFENDANT:  A chance to consider.
22         THE COURT:  I don't need -- I don't need a notice of
23 that.  I just need a continuance.  You automatically can
24 consider these things.
25         Let me -- Mr. Floyd, let me just say this.  I really

1    don't know what -- where you get your information, but there

2    are groups that come out with all of this information and it's

3    been highly unsuccessful nationwide in getting anybody

4    anything.  There's some that say that if they use a dot in

5    their name, they're another country and can't be taxed.

6    The -- it's going to fail in this country.  I mean, we do --

7    we probably pay more taxes than we want to, but there's no

8    special appearances.  There's no notice to us.  There are no

9    liens you put against the government for all these things.

10   All these things that people are talking about, I guess they

11   get money for doing it, but they're not telling the truth to

12   folks like you and you end up getting yourself into a fix, and

13   I don't want that to happen.  I just want you to be able to do

14   what you need to do.

15           If you're requesting time to consider the offers

16   that the government is giving you in this case, I will give

17   you one more continuance to do that because they have now

18   stated on the record what those are.  And both of those are

19   zone C and you can find out -- your lawyer there knows what a

20   zone C sentence might entail.  And they have indicated -- and

21   they've indicated to you what they believe the sentences would

22   be.  And there's a possibility you could receive a bigger

23   sentence if you go to trial.  There's a possibility you

24   wouldn't receive a bigger sentence.  It's up to the Court to

25   sentence you.

1   But there's none of this -- there's no special

2   notice out there.  Anybody that's telling you these kinds of

3   things are -- on special appearance or anything like that are

4   really not giving you good information that helps you.  And I

5   just want you to have all the information.  Then you have to

6   talk it over with your lawyer or somebody and make a decision.

7   It doesn't matter whether I like -- if I get charged

8   with something, it doesn't matter whether I like the charge

9   just like it doesn't matter whether you like the charge.  You

10  have to deal with where you are and what they say.  And if it

11  goes to a jury, a jury will make a determination of guilt or

12  innocence and they'll make it based on what they hear.  They

13  believe what they believe.  But you do get a jury trial.

14  THE DEFENDANT:  Judge, I appreciate your kindness

15  and your offer, but I'm requesting some time to consider all

16  the issues involved.  Once again, I would like to settle the

17  case, and once again asking your favor to do what's right.

18  THE COURT:  All right.  I can -- if you're moving --

19  if you're going to move to continue, we'll need to also get

20  this attorney issue out of the way, but you have to move to

21  continue --

22  THE DEFENDANT:  I understand.  I'm not making a --

23  THE COURT:  You have to move to continue the case to

24  consider the offer.

25  THE DEFENDANT:  I'm not making a motion.

1          THE COURT:  Okay.

2          THE DEFENDANT:  I'm not making a motion.  I'm making

3     a notice.

4          THE COURT:  Then we're going -- when this trial is

5     over, we'll try you on this case.

6          THE DEFENDANT:  Um...

7          THE COURT:  If you're not ready -- if you're not

8     ready -- what happens is when a defendant is not ready, they

9     say, I need more time and would you continue the case.  I'm

10    not going to get caught up in some tax protester game.  I'm

11    not getting caught up in a tax protester game.  We're going to

12    follow the rules of the United States of America.  There are

13    plenty of other countries out there they can move to if they

14    want to.  But if you're in the United States of America as a

15    United States citizen, you're going to follow the United

16    States' rules.  And the tax protesters have failed across this

17    country with attempts to avoid that.

18          Now, some of them are not guilty and have problems

19    because instead of trying to beat the case, they try to commit

20    another case.  So they're not going to get to do that.

21    They're going to have to follow the United States of America's

22    rules and that rule is you either move for a continuance or

23    when I'm through with this trial we're picking your jury.

24          (Pause.)

25          THE COURT:  So Mr. Floyd, would you like to continue

1  the case?

2  　　　　　THE DEFENDANT:  Under special appearance and special

3  request, I would like to continue the case under sui juris.

4  　　　　　THE COURT:  I don't know what that is, but you

5  would -- the main words I'm hearing are you want the case

6  continued to the next term.

7  　　　　　THE DEFENDANT:  The flesh and blood is wanting to

8  continue the case until the next term.

9  　　　　　THE COURT:  All right.  Now, let's get -- let's get

10  this out -- before I rule -- and I'll rule on that in just a

11  minute.  What's the counsel issue that you have with counsel?

12  Is it because she's not wanting to go along with some of these

13  special things or is it -- what's your problem that you want

14  to dismiss her?

15  　　　　　THE DEFENDANT:  No full disclosure.

16  　　　　　THE COURT:  How do you feel about this case going

17  forward?

18  　　　　　MS. GEBRE-EGZIABHER:  Your Honor, I'm happy to help

19  Mr. Floyd in any capacity that I can.  I think if these

20  matters are going to touch on issues related to

21  attorney/client privilege, I would ask that the government be

22  asked to step out.  But I'm happy to communicate with the

23  Court freely about what's happened.

24  　　　　　THE COURT:  Okay.  Why don't you all step out and

25  let's have a hearing.  We'll put it on the record, but outside

1   the presence of the government.  We'll seal the record in case

2   we need to use it for anything else, but it will not be

3   available to the government.

4          MR. BAILEY:  Yes, sir.

5          (Government counsel exited the courtroom.

6   Proceedings sealed.)

7                              *****

8          (Government counsel returned to the courtroom.

9   Proceedings held in open court.)

10         THE COURT:  All right.  We're going to come back

11  here -- and you all don't need to necessarily come down here

12  for this.  You can have somebody from the U.S. Attorney's

13  Office fill in on this -- on Tuesday at 9:00 a.m., next

14  Tuesday.  This defendant is going to come in here and counsel

15  is going to come in here or a representative from her office

16  will be here to decide whether he is going to keep counsel and

17  maybe we'll find out about a plea, but we're going to find out

18  the counsel issue.  And once we get all that done, then we can

19  talk about the peremptory setting.

20         I am continuing this case at the present time until

21  at least the next term in May for the purpose of -- and what

22  date were you looking at for a peremptory?

23         MR. BAILEY:  It was either the second or third week

24  of May.

25         THE COURT:  Okay.  So we'll be doing -- that's

1   likely to occur in those periods of time.  Probably the --
2   probably more like the third than the second, but we'll
3   probably do it one of those weeks in May if it goes to trial,
4   so you all get ready for that.
5           I'm continuing that until the May criminal term,
6   this case, based on the defendant's request that he needed
7   more time and that he -- that the person that he is wanted a
8   continuance.
9           Am I saying that right, Mr. Floyd?
10          THE DEFENDANT:  I'm sorry, reask that question.
11          THE COURT:  You wanted a continuance, some part --
12  you wanted it continued.  You were trying -- you didn't want
13  to give up any -- I promise you you'll give up no taxpayer
14  protester rights by moving for a continuance.
15          THE DEFENDANT:  Can I ask you a question?
16          THE COURT:  Yes, sir.
17          THE DEFENDANT:  I'm trying to be any of the above
18  that you're speaking if you don't mind.  I am here to settle
19  the matter --
20          THE COURT:  I understand.
21          THE DEFENDANT:  -- in any way possible that is
22  pleasurable if you...
23          THE COURT:  I understand.
24          THE DEFENDANT:  If I can ask you that to settle the
25  matter both sides, everything and all.

1      THE COURT:  Well, that's what they're offering in a

2  plea.  They're trying to settle the matter that way.  What

3  you're saying is --

4      THE DEFENDANT:  I'm offering.  I'm offering to

5  settle.

6      THE COURT:  -- you also -- a good way to settle it

7  would be if you decide to keep your lawyer is to tell her what

8  you want to offer and then offer it to the government and they

9  might take it and they might not.

10     THE DEFENDANT:  I can appreciate that.

11     THE COURT:  That's how you negotiate.  The problem

12 is that if you do your own negotiations, and you certainly can

13 if you end up being your own counsel, you have to be careful

14 what you tell them because they don't -- they can use it.

15 That's why most defendants don't talk to the government

16 because everything you can and will say can and will be used

17 against you and that's why we have lawyers standing between

18 defendants and the government.  Okay.

19     So on next Tuesday we're going to find out whether

20 this gentleman is going to keep counsel and maybe we'll find

21 out about getting something worked out.

22     MR. BAILEY:  Yes, sir.

23     THE COURT:  But we're going to continue the case

24 based on the defendant's lack -- he said he's not prepared to

25 go yet, needs more time, and asked for a continuance.  And so

1   I'm going to grant that motion.

2              THE DEFENDANT:  Not a motion.

3              THE COURT:  I'm going to grant that request.

4              THE DEFENDANT:  Not a motion.

5              THE COURT:  I'm going to grant that request and

6   continue this case until the May term.  I find that based upon

7   what I've heard today, the government and the defendant's

8   rights to a speedy trial are overcome by the necessity that

9   this case be continued until the May term in order for the

10  defendant to have a fair hearing on this matter.

11             Does that sound good to you, Mr. Floyd?

12             THE DEFENDANT:  Once again, under special -- under

13  special appearance.

14             THE COURT:  All right.

15             THE DEFENDANT:  Greatly appreciate your honesty and

16  concern.

17             THE COURT:  Yes, I understand.  I understand it.

18             All right.  I remain guarded on whether we get this

19  worked out on Tuesday, but hopefully we'll be able to do that

20  and get that done.  At least -- at least I think we're doing

21  all we can to help Mr. Floyd out here and that's all we can

22  do, so...

23             MR. BAILEY:  Your Honor, if I may be heard for a

24  minute?

25             THE COURT:  Yes.

1          MR. BAILEY:  Just based on docket items 33 and 34,
2    I'd ask if you could remind Mr. Floyd that if he is
3    represented by counsel, he's not allowed to file anything pro
4    se with the clerk's office as a condition of his pretrial
5    release.
6          THE COURT:  Yeah, don't be -- you can't file any --
7    you really aren't supposed to file anything with the Court.
8    Now, I know people are giving you stuff and they say file
9    this, that will show them, but that doesn't work.  None of
10   those things are working.  I mean, 33 and 34 are in there and
11   they don't work.
12         THE DEFENDANT:  May I ask a question?
13         THE COURT:  Yes.
14         THE DEFENDANT:  I'm not -- is it possible for me to
15   file anything pro se?
16         THE COURT:  You can file them, but -- you can file
17   them, but it's a condition of bond that you do it through  --
18         THE DEFENDANT:  It's an impossibility for me to
19   franchise myself.
20         THE COURT:  You're to do it through your attorney.
21   If you're representing yourself --
22         THE DEFENDANT:  Provided I had one at this point.
23         THE COURT:  -- you can file it if you want to.
24         Huh?
25         THE DEFENDANT:  Provided I had one at this point.

1  We've got to discuss it and determine if that's what we're

2  doing.

3          THE COURT:  That's right.  So don't file anything

4  else until we figure out whether you've got a lawyer or not.

5  If you're representing yourself, you can -- you can file

6  anything you want to file.

7          THE DEFENDANT:  So I'm having a little encumbrance

8  of due process rights here?

9          THE COURT:  I would say no.

10         THE DEFENDANT:  I just want to understand.

11         THE COURT:  All right.  Well, speak with your

12 excellent attorney.  It sounds like she gets along with you

13 and likes you so --

14         THE DEFENDANT:  For the record -- once again for the

15 record, if you don't mind me asking once again for the record,

16 that we're in a limbo until Tuesday that we decide on this.

17         THE COURT:  Number one, she is your -- she is at

18 this moment your lawyer until I say she's not your lawyer.

19 Okay.

20         THE DEFENDANT:  Okay.  So --

21         THE COURT:  You're appointed so she is your lawyer.

22         Now, on Tuesday -- I understand that there's -- that

23 there are issues.  You made that clear and -- as to what

24 issues y'all are dealing with, and she's made that clear.  But

25 it does sound like for people that aren't getting along, y'all

1  get along real well.

2          So let me just say this.  Let me just say this.

3  She's your lawyer until Tuesday and then we'll see what's

4  going to happen.  But you're going to have -- this case -- as

5  long as this case is going on, there are -- there's several

6  things that can happen.

7          Number one, she continues as your lawyer.  Number

8  two, you convince me to appoint somebody else as your lawyer,

9  but you don't get to pick.  It will be from -- it will be from

10 a pool of excellent attorneys.  Number three, you represent

11 yourself.  Those are the only three ways we go through this

12 process.

13         Now, I don't know what's going on out in the la la

14 land of those tax protesters that talk to you, but this is a

15 real court here and we're going to try it like a real court.

16         THE DEFENDANT:  So how do I -- can I ask you another

17 question?  How do I put in the record as I want it to be in

18 the record, without it being changed or altered, notices to

19 motions, affidavits to motions?  How do I put this in the

20 record without being cumbent?

21         THE COURT:  If you --

22         THE DEFENDANT:  Without an attorney or a lawyer.

23 Can you explain that to me?

24         THE COURT:  If you can't get your attorney to file

25 those motions for you, then you'll have to wait until you're

1  by yourself, representing yourself, and then you can file

2  motions.  The Court will deal with them depending on what they

3  are.  If they're about real things in this case, the Court

4  will -- some of it it will grant, some of it it won't.  If

5  they're going to be -- if it's just this tax protester stuff

6  that they give people to file -- every judge in this district

7  has gotten up to here full of those things.  They have denied

8  them.  It's gone up on appeal.  They've lost all the appeals.

9  They have zero victories.  I've never seen a group that

10  continues to get looked at that is so bad at winning cases.

11  Now, they might win them out in the -- in somebody's living

12  room if they got some special court out there that's indicting

13  people, but they're not -- the real courts, it's not good

14  stuff.

15          And Mr. Floyd, you seem like an awfully nice guy and

16  I really hate that you -- that you're listening to bad advice.

17  But you decide what you want to do.  Okay.  You decide what

18  you want to do.  You've got a really good lawyer.  You know,

19  sometimes you can draw an okay lawyer when they're appointed.

20  You got a really good one.  And it sounds like she actually

21  likes you.  So you might want to -- you might want to talk --

22  at least talk to her before you get a different one.

23          THE DEFENDANT:  So can I ask you a question?

24          THE COURT:  Yes, sir.

25          THE DEFENDANT:  Can I get this lady to represent the

1  flesh and blood in a courtroom, the flesh and blood, not an
2  entity, and get what I -- with full disclosure and get what I
3  want?

4          THE COURT:  I don't know what you want so I can't
5  answer that question.  But let me just say this.  All we can
6  do is represent the flesh and blood.  Now, I know the Supreme
7  Court has said corporations are persons.  But as I think it
8  was Teddy Roosevelt said, the problem with corporations is it
9  doesn't have a soul to damn or an ass to kick.  But the
10  Supreme Court said they're people so they are -- we have to
11  treat them as people.  But the only people I've ever seen that
12  come into court with a chance to go to jail are flesh and
13  blood human beings.  And so that's what you're --

14          THE DEFENDANT:  I can appreciate that.  Can I ask
15  you another question?

16          THE COURT:  So that's what you're --

17          THE DEFENDANT:  So as long as this lady will do my
18  desires --

19          THE COURT:  Well, it depends on what it is.  She's a
20  lawyer and there are legal things that she has to be -- she
21  has to follow so I can't -- y'all talk about it.  You're going
22  to let me know on Tuesday.  She'll be straight with you.  You
23  be straight with her.

24          THE DEFENDANT:  Right.  But if she can just --
25          THE COURT:  You all figure it out.  You all figure

1   it out.

2         THE DEFENDANT:  It's okay if she discloses

3   everything 100 percent, we will have no problem.

4         THE COURT:  If she -- well, she'll disclose

5   everything -- whether she's going to file everything you want

6   filed, I don't know.  But she'll definitely be honest with you

7   and tell you what she thinks and you'll tell her what you want

8   to do.  And then y'all figure it out and we'll talk Tuesday at

9   9:00 again.  Okay.

10         All right, Mr. Floyd.  This case is continued.

11   Thank you.  We're done for the day.

12         MR. BAILEY:  Thank you, Your Honor.  Appreciate your

13   time.

14         (End of proceedings at 2:42 p.m.)

15                    *****

16

17

18

19

20

21

22

23

24

25

1  UNITED STATES DISTRICT COURT

2  WESTERN DISTRICT OF NORTH CAROLINA

3  CERTIFICATE OF REPORTER

4

5

6         I, Cheryl A. Nuccio, Federal Official Realtime Court

7  Reporter, in and for the United States District Court for the

8  Western District of North Carolina, do hereby certify that

9  pursuant to Section 753, Title 28, United States Code, that

10 the foregoing is a true and correct transcript of the

11 stenographically reported proceedings held in the

12 above-entitled matter and that the transcript page format is

13 in conformance with the regulations of the Judicial Conference

14 of the United States.

15

16         Dated this 30th day of May 2017.

17

18

19                         s/Cheryl A. Nuccio

20                         _____
                           Cheryl A. Nuccio, RMR-CRR
                           Official Court Reporter

21

22

23

24

25