UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA   )   DOCKET NO. 3:16-CR-200
                            )
       vs.             )
                            )
BILLY DARRYL FLOYD,      )
                            )
         Defendant.     )
_____)

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MAX O. COGBURN, JR.
UNITED STATES DISTRICT COURT JUDGE
MARCH 28, 2017

APPEARANCES:

On Behalf of the Government:

    GREGORY P. BAILEY, ESQ.
    MICHAEL P. HATZIMICHALIS, ESQ.
    U.S. Department of Justice, Tax Division
    601 D Street, N.W., Suite 7919
    Washington, DC 20004

On Behalf of the Defendant:

    RAHWA GEBRE-EGZIABHER, ESQ.
    Federal Public Defender's Office
    129 West Trade Street, Suite 300
    Charlotte, North Carolina 28202

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter
United States District Court
Charlotte, North Carolina

<pre>
                        P R O C E E D I N G S
          (Court called to order at 9:02 a.m.)
               THE COURT:  Okay.  It's after 9:00.  Do we know
where...
               MS. GEBRE-EGZIABHER:  I believe he's in the
building.  He might just be going to the restroom.
               THE COURT:  Okay.
          (Defendant entered the courtroom.)
               THE COURT:  Good morning.
               THE DEFENDANT:  How are you today?
               THE COURT:  Fine, thank you.  You all right?
               THE DEFENDANT:  Good.
               THE COURT:  All right.  We're here today to find out
where you all are with regard to the attorney situation and
then whether you want to have your current attorney or whether
you want to have a new attorney or whether you want to
represent yourself.  This case will be going to trial in May.
So yes, sir.
               THE DEFENDANT:  Did you have a good night?
               THE COURT:  Everything is fine.  I'm fine.  I hope
you are.
               THE DEFENDANT:  Good.  Good.
               THE COURT:  We do need to have answers to these
things.
               THE DEFENDANT:  I understand.  Before -- I'm here on
</pre>

1 special appearance on special request the same as I was the
2 other day.
3          THE COURT:  Yes, sir.
4          THE DEFENDANT:  Got a question for you.
5          THE COURT:  Yes, sir.
6          THE DEFENDANT:  What court are we in?
7          THE COURT:  United States District Court for the
8 Western District of North Carolina.  Federal trial court for
9 the Western District of North Carolina.
10          THE DEFENDANT:  Article I or Article III?
11          THE COURT:  Article III.
12          THE DEFENDANT:  We are in Article III court.
13          THE COURT:  Article III.
14          THE DEFENDANT:  Okay.  So you can recognize the
15 human being in the court today.
16          THE COURT:  Yeah.  I mean, I -- you are here in
17 front of me as a human being.  I recognize that there is a --
18 that there is a group of folks that teach some sort of
19 corporate thing, dot something or whatever, and that that's
20 supposed to mean something.  But what happens is that the
21 human being in the flesh and blood is what ends up getting
22 tried.  If the corporation gets the human being in trouble, it
23 doesn't do the human being much good.  The human being is the
24 one that's got to serve the time.  The corporation stays out
25 and does whatever it wants, but the flesh and blood is in the

1  jailhouse if you lose and go to jail.

2          There is a -- you know, you've got to make a

3  decision.  I know they've made some kind of offer.  You can

4  plead or not plead.  You can go to trial.  It really doesn't

5  matter to me.  I really -- I want things to work out for you

6  as good as they can because you don't seem like a bad sort of

7  person.  But there are rules to follow.  All I am is the judge

8  and matters of controversy are brought in front of me to be

9  resolved.

10          In your case this is a criminal controversy.  The

11  government has charged you with a crime.  I have two ways of

12  dealing with that.  You enter into a contract, a plea

13  agreement, with the United States and plead.  Then I'm charged

14  with the sentencing hearing at some point.  Or you can go to

15  trial in front of a jury.  And if they don't convict you, you

16  go home.  And if they do, then we go through the process of

17  the sentencing same as we would after the plea.

18          That's all I can do.  I can't make deals with you.

19  I can't work things out.  In fact, the courts don't want me to

20  get involved in the plea bargaining process at all.  Judges

21  who've tried to do that and help defendants have been an

22  example of no good deed goes unpunished.  They've been

23  reversed.  So the best thing you can do -- the best thing a

24  judge can do is just not get in the plea bargaining process.

25          So I bring you today to find out a couple of things.

1    Number one, do you want this attorney to represent you?

2    Number two, if you don't, do you want any attorney to

3    represent you or do you want to represent yourself?  And then

4    you will have a couple of months from now until the May term

5    which is the second half of May to either work out a plea

6    agreement or go to trial.  And it's your call, your choice

7    totally.  Totally your choice.

8            THE DEFENDANT:  Can I ask you a question?

9            THE COURT:  Yes, sir.

10           THE DEFENDANT:  I thank you for your kindness and

11   your courage to let me know what I need to possibly do.  I'm

12   not here to cause any controversy.  I'm not here to have any

13   controversy period.  There's no controversy before -- before

14   the establishment here today period.

15           THE COURT:  Right.  What we have is -- but when they

16   bring a charge against you and you say I didn't do it, that

17   creates a controversy.  Doesn't mean you're being mean.

18   Doesn't mean you're going to do something bad or anything like

19   that.  But you've got to try your case or work it out.  I

20   mean, I can't -- those are the two things that happen.

21           The controversy is created by the government

22   believing you have committed a crime and bringing the charge,

23   therefore it's brought in front of me as a controversy between

24   parties:  Criminal defendant and the government.

25           THE DEFENDANT:  I'm not arguing -- I'm not arguing

1   any of the facts.  I'm just here to settle and stay in honor.

2   I'm here to settle.  That's all I'm here for is to settle.

3   Will you allow me my remedy?

4          THE COURT:  You can -- the way that that's done --

5   the way that that's done under the United States laws is that

6   you've got to work that out with the Department of Justice.

7   You've been charged by the executive branch.  Okay.  You've

8   been charged by Article I.  The -- Article I following a law

9   passed by number 2.  Actually, I guess Congress is I and the

10   executive is II.  And then the third branch, kind of the

11   bottom of the heap, is the judges and that's where you've got

12   to try your case.  The Congress passes the law.  The executive

13   tries to enforce the law.  And the courts are here for people

14   to have things heard in a fair hearing.

15          And you'll get a fair trial if that's what you want,

16   but I've got -- the first question I have for you before I can

17   do anything with you is, do you want this attorney to

18   represent you?  And if the answer is no, you want to represent

19   yourself, then you can say that.  And then if the answer --

20   but once that's done, I either got to get you another attorney

21   or you got to represent yourself.  Once you're representing

22   yourself, you will leave here knowing that you will have to be

23   here in May, special appearance or otherwise.  Flesh and blood

24   is going to have to show up.  The corporation can stay

25   wherever it wants to be.  It can be out in the road somewhere.

1  I don't care where the corporation is.  The flesh and blood
2  person has got to be here to try that case in May, either with
3  a lawyer or without one.
4          THE DEFENDANT:  Is it okay if he's here today to
5  settle the matter?
6          THE COURT:  I can't settle it.  We're not going to
7  have a trial today.
8          THE DEFENDANT:  I have the remedy.
9          THE COURT:  We can't have a trial today.
10         THE DEFENDANT:  I have the remedy.
11         THE COURT:  I can't try the case.
12         THE DEFENDANT:  I got the remedy for you.
13         THE COURT:  I understand.  I understand you believe
14 that.  So --
15         THE DEFENDANT:  Can I -- can I -- before we go any
16 further, can I -- bailiff, can we give this to -- who's the
17 bailiff here?
18         THE COURT:  No, we're not -- as long as you've got
19 an attorney -- what you have to do --
20         THE DEFENDANT:  Well, they're -- okay.  You're
21 getting back to the --
22         THE COURT:  The attorney issue is the first thing
23 I've got to decide.
24         THE DEFENDANT:  I understand.
25         THE COURT:  You can't -- you can't file anything.

1          THE DEFENDANT:  I can appreciate that.

2          THE COURT:  You can't file anything.

3          THE DEFENDANT:  I don't -- can I ask you a question?

4 I don't need representation.

5          THE COURT:  Okay.

6          THE DEFENDANT:  I'm here.  I'm here.  There's no --

7 I can't represent myself.  I'm here.  There's no

8 representation required.

9          THE COURT:  What we're going to wind up doing is

10 talking past each other all day long.

11          THE DEFENDANT:  Listen --

12          THE COURT:  You're going to have to -- I under --

13 listen, I understand you want to be tried in the kind of court

14 you think you want to be tried in.  You are going to be tried,

15 if you go to trial, in the United States District Court for

16 the Western District of North Carolina.  If you win, you're

17 going to go home.  If you lose, then you're going to have

18 to -- you're going to have to be sentenced at some point.

19 I've looked at the guidelines and quite frankly they're not

20 too terrible for you under any circumstances, but they're not

21 great.  But the -- you're going to have to -- you're going to

22 have to do some kind of penalty for that and that will have to

23 be done at some point.

24          What we can't have, what we're not going to have in

25 this matter is we're not going to sit here and talk past each

1    other.  The court you're in has nothing to do with remedies

2    that have been put out there by some person who is -- listen,

3    everybody in the United States would use that and what we'd

4    have is we'd have no taxes, we'd have no government.  And then

5    you better be well armed because if you've got any money at

6    all, they're coming to your house because nobody -- if we do

7    away with government, nobody is going to go to the trailer

8    parks because there's not any money there.  They're coming to

9    find the folks that got the money and there's going to be

10    nobody to protect them, so --

11          THE DEFENDANT:  Can I -- can I ask you a question?

12    And I'm not in any way, any shape or form -- or saying or

13    denying that you're not 100 percent correct at what you're

14    saying if that's okay.

15          THE COURT:  Number one, you're going to have to --

16    before we -- I've talked to you and I've talked to you and

17    I've talked to you.  You either have to have -- you either

18    have to make a decision.  Lawyer, no lawyer?

19          THE DEFENDANT:  Okay.  Last question -- or another

20    question.

21          THE COURT:  Last question before --

22          THE DEFENDANT:  Or another question.

23          THE COURT:  Last question before we make the lawyer

24    call.  One more question.

25          THE DEFENDANT:  Okay.  I don't need representation.

1   I need the ability to put the proper paperwork, if it's not a
2   problem, into the court system, into this court without
3   encumbrance.  I feel my due process rights has been violated
4   already, number one.  And also another question here, I
5   feel -- I've not given jurisdiction to the Court at this
6   point.  I haven't gave jurisdiction to the Court knowingly,
7   willingly or intelligently at this point.
8           THE COURT:  You don't have to give jurisdiction.
9   The Court has jurisdiction.
10          THE DEFENDANT:  I understand --
11          THE COURT:  You don't have to give the Court any
12  jurisdiction.  Whoever has been -- who's ever been talking to
13  you out there is misinformed.
14          THE DEFENDANT:  Can I ask you a question?  The law
15  books -- your law books that I read say I can raise
16  jurisdiction at any time at any level, and at this point I'd
17  like to go up on an appeal on this jurisdictional challenge.
18  And I would -- that's where I really want to go is to -- I'm
19  questioning --
20          THE COURT:  Where we are right now is lawyer, no
21  lawyer.  Then we'll set up any kind of hearings we need to set
22  up before we get to the trial in May.  Otherwise, we're going
23  to have a trial in May and you'll have to show up special
24  appearance or otherwise, flesh and blood and the corporation.
25  I don't care whether the corporation shows up.  The flesh and

1  blood has to be here or you'll have to wait in jail until the
2  trial.  That's why you're free is because you show up when
3  you're supposed to.  As long as you keep showing up when
4  you're supposed to, the fact that you don't understand that
5  you're under the jurisdiction of this Court is not going to
6  worry me.  I'm going to let you stay out there.  The main
7  thing is you show up here special invitation, special
8  appearance, whatever you want to call it, just as long as you
9  show up here when you're supposed to when we have these
10 hearings.  But we're going to have them and we're going to
11 have them in regular order.

12            Now the question, lawyer or no lawyer?

13            THE DEFENDANT:  Okay.  One more --

14            THE COURT:  You can't file papers by yourself when
15 you have a lawyer.

16            THE DEFENDANT:  Okay.  I gotcha.  That's what I'm
17 getting at.

18            THE COURT:  You can't file them by yourself when you
19 have a lawyer.

20            THE DEFENDANT:  Okay.  Next question for you.  No
21 representation.

22            THE COURT:  Yes, sir.

23            THE DEFENDANT:  And why is it they put -- why is it
24 they changed my motions?  I understand -- I do understand --
25 I'm actually understanding more than I've understood with a

1  lot of reading and doing the best I can.  I'm not knowledged
2  in the law.  Why is it that the Court needs to put it as pro
3  se?  I don't need anything other than I'm here.
4           THE COURT:  That's just a term that means you're
5  representing yourself.
6           THE DEFENDANT:  Well, that's a --
7           THE COURT:  That's a term that we have -- that's a
8  term that we have to show on the record that a person is
9  representing himself.  And it's fine if you want to say it's
10 just a flesh and blood representing itself and the corporation
11 is not anywhere around.  That's okay.  I don't care what you
12 do about the corporation.  That is of no -- the corporate
13 entity, the nation of yourself or whatever it is, that I don't
14 care.  I just want to make sure that you're -- that you flesh
15 and blood represent yourself because you're the one -- the
16 flesh and blood is the one that's got to do the time if you
17 get convicted.  That's the key.
18          The corporations don't go -- don't go to jail.  I
19 mean, the Supreme Court said they're individuals; but the
20 individuals that I've seen, you can put them in jail.  You
21 can't put these corporations in jail.  That's just a -- that's
22 just a fiction to get more money to somebody.  That doesn't --
23 nobody really believes that a corporation is a person.  Nobody
24 actually living in this world actually thinks that.  It's a
25 fiction.  It's a legal fiction.  Go ahead.

1        THE DEFENDANT:  I've got a question for you then.

2   Reading Roberts' opinion on Obamacare --

3        THE COURT:  That has nothing to do with your case.

4        THE DEFENDANT:  It has to do with the corporation,

5   does it not?

6        THE COURT:  It -- what I want you to know is we're

7   going to decide this attorney thing right now and then if

8   you're going to be representing yourself -- we'll call it pro

9   se.  You call it what you want to call it.  Then we'll set

10  this thing up for trial in May.  You'll have to be here by

11  special appearance or otherwise and we'll try the case.  And

12  that's all I know to do.  If you can't work it out with these

13  guys over here -- not in this courtroom, but if you can't work

14  out a deal with them, then we'll try the case in May.

15       THE DEFENDANT:  I would love to work out a deal with

16  them.  I would love to work out a deal with them.  I have no

17  problem.

18       THE COURT:  But it's not your deal.  You have to --

19  in other words, you can't come in and give papers and say here

20  I go, I'm free.  This is the deal and it's my deal and you do

21  it.  I mean --

22       THE DEFENDANT:  I understand.

23       THE COURT:  -- you can't -- I mean, it's a give and

24  take.

25       THE DEFENDANT:  I understand.  Hey and I agree with

1  that.  It is a give and take.  I do 100 percent agree with
2  what you're saying.  I do not disagree.
3          THE COURT:  All right.  We've got -- we're gonna --
4  we've got something else -- we've got something else we've got
5  to do today.
6          THE DEFENDANT:  I gotcha.
7          THE COURT:  This is an attorney issue.  Are you --
8  are you going to have -- do you want to -- do you want to
9  represent yourself?
10          THE DEFENDANT:  I want -- I am here as a person
11  today.  I don't need representation.
12          THE COURT:  Okay.  So you want to -- you want to
13  represent yourself at the trial.  You will be -- there will be
14  a trial.  If you don't work it out, there will be a trial.
15  Through the process you will as representing yourself be able
16  to file some papers.  You can't -- you can't inundate me with
17  the entire tax protester -- we've already got volumes of that.
18          THE DEFENDANT:  Can I ask you a question?
19          THE COURT:  Yes, sir.
20          THE DEFENDANT:  I will not put anything in that file
21  that is not pertinent to this case period.
22          THE COURT:  You'll be allowed to file -- if you're
23  representing yourself, you will be allowed to file -- we'll
24  watch and make sure that this is pertinent stuff to your case
25  as opposed to something else and you'll be able to, if you

1    lose, appeal.  And we'll try to even have standby counsel for
2    you.
3              THE DEFENDANT:  I can appreciate how you feel, but
4    it needs to be an assistance of counsel.
5              THE COURT:  Well, standby -- standby counsel will
6    assist you when you need it.
7              THE DEFENDANT:  It's assistance.  Not counsel, but
8    assistance of counsel.
9              THE COURT:  I don't even know what the difference in
10   all that is.
11             THE DEFENDANT:  I've got a case for you.
12             THE COURT:  I have no idea --
13             THE DEFENDANT:  I've got a case for you.
14             THE COURT:  I have no idea what in the world you're
15   talking about.
16             Let me ask -- let me -- counsel, what do you say
17   about your representation of this defendant?
18             MS. GEBRE-EGZIABHER:  Your Honor, again, in the
19   hopes of protecting Mr. Floyd, I would ask that the government
20   step out.
21             THE COURT:  All right.  Yes, let's do that.
22   Government can go out.  But we're not -- I've got ten minutes.
23   I've got a trial going on right now and I spent entirely too
24   much on the decision that's had lots of thought and I'm not
25   going to get caught up in a complete passing of discussion.

1   We're going to make a decision on this and we're going to go

2   forward. So I want to hear what you say and if I need to

3   relieve you and make him pro se and have you be -- if he wants

4   you or some other lawyer to help him out when he needs it as

5   standby, then we'll do that.

6          (Government counsel exited the courtroom.

7   Proceedings sealed.)

8                      *****

9          (Government counsel returned to the courtroom.

10   Proceedings held in open court.)

11         THE COURT: All right. By -- I made a special

12   request of the defendant to be here on May the 16th. He's

13   going to be here to try his case. We will select a jury that

14   morning on May the 16th unless something happens between now

15   and May the 16th in terms of a plea agreement.

16         The defendant will now be appearing pro se with

17   standby counsel. He will no longer have counsel to represent

18   him. Good luck.

19         All right. So that's -- go ahead and file what you

20   can. You certainly can talk with the government about working

21   stuff out. You might want to talk with counsel about the

22   dangers that come into that. But I probably will not be

23   letting any evidence in during plea discussions as to what

24   happens, what the defendant says during plea discussions as

25   his own lawyer. So we probably -- I'll probably not let any

1  of that in out of fairness.  That's just not going to happen.
2  So if there's some kind of plea discussions that you want to
3  have with the defendant if he wants to -- wants to settle
4  things with you and you all can come up with that.
5          But this is who you've got to work with.  This is
6  the executive branch.  The executive branch brings the
7  charges.  The legislative branch passes the law.  The
8  executive branch brings the charge on the law.  And you come
9  here to the Court to try the case.  And we're neutral.  We're
10  the neutral in the case.  You know, we don't have a dog in the
11  fight.
12          THE DEFENDANT:  I can appreciate what you're saying.
13  You're saying exactly what's right provided I'm not the
14  defendant, number one.
15          THE COURT:  Well, you are --
16          THE DEFENDANT:  I'm not the defendant, number one.
17  Number two, I have no problem negotiating with these guys.
18          THE COURT:  You are the defendant.  You are the
19  defendant.  I understand you don't believe you should be the
20  defendant, but let's don't -- let's don't have alternative
21  facts.  The truth of the matter is you're the defendant.
22  Facts are facts.  You are the defendant in a federal case.
23  You do not believe you should be the defendant in a federal
24  case and that I understand.  People take that position and
25  sometimes successfully.  But you are the defendant.

```
 1              And I will see you here.  You've got to be here on
 2    May the 16th.  If we have to come find you -- you've been
 3    really good about this, Mr. Floyd.  You've been really good.
 4    If we have to come find you, we'll have to hold you until we
 5    can get a trial.  And it may get delayed a term which will put
 6    it off into July.  So if you show up in May, we'll get this
 7    thing tried and done or you can --
 8              THE DEFENDANT:  Can I ask you another question?
 9              THE COURT:  Or you can work it out with these guys.
10              THE DEFENDANT:  Listen, I am a very responsible
11    person.
12              THE COURT:  You've shown that.  You've shown that.
13              THE DEFENDANT:  So I never would do anything to
14    dishonor the Court.  Is that okay with you?
15              THE COURT:  If what?  What's okay?
16              THE DEFENDANT:  I said I would never do anything to
17    dishonor the Court.  Is that okay with you?
18              THE COURT:  So far I would say that's accurate.
19    Yeah, I have not seen you do anything and would hope you
20    wouldn't.
21              THE DEFENDANT:  No, and I would not if that's okay
22    with you.  I would never do that.
23              THE COURT:  That would be -- that would be really
24    okay with me, yeah.
25              MS. GEBRE-EGZIABHER:  Your Honor, just as a final
```

1  matter.  I'm going to return the discovery to the government
2  and I assume that the government and Mr. Floyd will work out
3  discovery issues between themselves.  Am I to take myself out
4  of that equation?

5          THE COURT:  Is there anything in there that he --
6  the defendant can't have on discovery?

7          MR. BAILEY:  Off the top of my head, Your Honor, I
8  believe it's all his own tax information.

9          THE COURT:  I think it's his stuff.  I would give --
10  I would just turn it over to the defendant and have -- get a
11  receipt for what you have turned -- that you've turned
12  everything that the government gave you over as far -- and
13  make a note to your file as to what -- that you've given all
14  of that to the defendant and just hand that to the defendant.
15  I mean, it's his stuff to have.  And certainly the Court -- as
16  an officer of the Court, the Court trusts that you'll give him
17  everything that you have.

18          MS. GEBRE-EGZIABHER:  I will, Your Honor.

19          THE COURT:  If you want to keep a copy of it to know
20  what you gave, that might be a -- might be a good thing to do,
21  but I'll leave that up to -- to you to make that decision.
22  Okay.  And thanks for coming in and thanks for doing all the
23  good work and everything.  And hopefully -- hopefully we'll
24  get -- we'll get this thing done.

25          And you've got -- you really have a really good

1  person to stand by in case you need to call on somebody. And

2  Mr. Floyd, if you don't call on her, you don't call on her.

3  Okay. If you don't need any help -- you're representing

4  yourself. If you don't need any help, you just keep rolling

5  on. People have a right to do that.

6      I'm going to find that the defendant understands --

7  that he would be better off with a lawyer and -- but wants to

8  be pro se. He would rather represent himself and not have

9  somebody. Or what he would prefer is to have a lawyer who

10  acts as his assistant and files what he wants to file and

11  doesn't stand in between him and the Court. That is not --

12  that's not a lawyer. You can be pro se. That's all you have

13  to do. That's what you have to do. If you're going to file

14  all your own stuff, you have to -- we do not allow defendants

15  to file things and lawyers have taken oaths not to be -- not

16  to be filing improper pleadings with the Court. As a pro se,

17  the Court will have to monitor your pleadings to see what's

18  improper. There won't be an attorney to help do that. You

19  can just file what -- start filing what you think is really

20  good stuff to file and if we need to stop you we will.

21      MR. BAILEY: Your Honor, because we had stepped out

22  during those discussions, I just want to make clear obviously

23  for possible appeal matters that you found during your

24  discussions that it was knowing, voluntary, clear, and

25  unequivocal.

1          THE COURT:  Oh, it's as -- let me say this.  It's as
2    knowing, voluntary, and clear as it can be.  The record is
3    absolutely clear with what I've told this defendant.  The
4    record is absolutely clear that Mr. Floyd understands what a
5    lawyer does and what he wants.  The Court understands that.
6          I cannot take care of good judgment.  The Court
7    cannot make a decision that this is really a smart thing.  But
8    the defendant is knowingly wanting to do this.
9          And the Court is not going to be delayed by some
10   kind of game playing that goes on in the -- in some of these
11   movements.  I will not play games.  I spent -- I spent plenty
12   of time this last time -- I spent 40 minutes on this attorney
13   issue.  And Mr. Floyd wants an attorney who will not stand in
14   his way and that's -- and file anything he wants to file.
15   We're not going to give him that.  If he wants to do that,
16   he's going to do it himself.
17          So Mr. Floyd, you're going to be pro se in this
18   case.
19          THE DEFENDANT:  I did not consent --
20          THE COURT:  And if we have to try it two times, I'll
21   try it two times.
22          THE DEFENDANT:  Judge, can I ask you something?
23          THE COURT:  Yes.
24          THE DEFENDANT:  I did not consent to no appeal.  I
25   did not consent to --

```
1              THE COURT:  No, not appeal.
2              THE DEFENDANT:  I did not consent to having standby
3    counsel.
4              THE COURT:  Right.
5              THE DEFENDANT:  I consented to taking care of this
6    matter --
7              THE COURT:  Yourself.
8              THE DEFENDANT:  -- myself.
9              THE COURT:  Right, and I understand that.
10             THE DEFENDANT:  Not pro se, but myself.  So I want
11   to make it clear to the Court that that's not the case.
12             THE COURT:  Right.  It's clear --
13             THE DEFENDANT:  I want to make it clear --
14             THE COURT:  It's clear you want to represent
15   yourself and you don't want standby counsel.
16             THE DEFENDANT:  I'm here.  I'm not representing
17   anything.  I'm here --
18             THE COURT:  Standby counsel --
19             THE DEFENDANT:  For the record --
20             THE COURT:  Standby counsel --
21             THE DEFENDANT:  -- I'm here --
22             THE COURT:  I understand.
23             THE DEFENDANT:  You're changing what I'm saying.
24             THE COURT:  I'm not changing what you're saying.
25   What I'm saying is I'm appointing standby counsel.  The Court
```

1  wants standby counsel because if in the middle of the trial,

2  if you suddenly have an epiphany and you decide you need a

3  lawyer, we're going to have one ready to go.  And if you don't

4  want one, then there's no problem at all.  She's not going to

5  get in your way a bit.  Do you understand?

6          THE DEFENDANT:  No, I do not understand.

7          THE COURT:  Okay.  Well, you got it whether you do

8  or not.  She's here for --

9          THE DEFENDANT:  I do not understand.

10          THE COURT:  She's here for the Court as standby

11  counsel and you're pro se.  You want to be pro se.

12          THE DEFENDANT:  No, I'm here.  I'm here.  I don't

13  need a pro se representation.  I'm here.

14          THE COURT:  All right.  You want to represent

15  yourself.

16          THE DEFENDANT:  I'm here.

17          THE COURT:  But who --

18          THE DEFENDANT:  I'm making it clear on the record --

19          THE COURT:  You want -- you want --

20          THE DEFENDANT:  -- that I'm here.

21          THE COURT:  Earlier you said you wanted to represent

22  yourself.

23          THE WITNESS:  No, no, no, that was what you said.

24          THE COURT:  What do you want to do, Mr. Floyd?

25          THE DEFENDANT:  I'm here.

1              THE COURT:  Keep getting all this down.

2              THE COURT REPORTER:  You know, with everybody

3    talking at the same time I cannot get it down.  I'm sorry, I'm

4    ready to explode.

5              THE COURT:  Get what he wants to say down right now.

6              Say what you want to say, Mr. Floyd, right now.  If

7    we have to try this three times, we'll try it three times.

8              THE DEFENDANT:  I am not consenting to standby

9    counsel.

10             THE COURT:  Okay.  What do you -- what do you want

11   to do?

12             THE DEFENDANT:  I do not understand --

13             THE COURT:  You don't want a lawyer.

14             THE DEFENDANT:  I do not understand --

15             THE COURT:  Okay.

16             THE DEFENDANT:  -- why I can't be here and there's

17   no representation.  I'm here.

18             THE COURT:  Okay.  All right.  Well, who's going --

19   who's going to take care of your matter for you?

20             THE DEFENDANT:  I'm here.

21             THE COURT:  Who's going to take care of your matter?

22             THE DEFENDANT:  This -- this flesh and blood right

23   here.

24             THE COURT:  Okay.  So the flesh and blood wants to

25   take care of the matter for itself; is that right?

1          THE DEFENDANT:  Not for myself.  I'm here.

2          THE COURT:  Who are you going to take -- okay.  All

3  right.

4          THE DEFENDANT:  I'm here.

5          THE COURT:  All right.  It's on -- it's on the

6  record.  The Court is not going to play a game.  The Court is

7  not going to be gamed.  The Court is not going to be played

8  with.  You are representing yourself and you are standby

9  counsel and you guys are going to try this case.  And we're

10  trying it on May the 16th.  Everybody be here.  We're picking

11  the jury.

12          (Pause.)

13          THE CSO:  You're dismissed, sir.  You can go.

14          THE COURT:  You can leave, Mr. Floyd.

15          THE DEFENDANT:  Is that an order?

16          THE COURT:  We've got another matter -- we've got

17  another matter to take care of.  You have a special -- special

18  request May the 16th.

19          THE DEFENDANT:  Is that an order?

20          THE COURT:  That is an order.  It's an order that

21  you leave the courtroom and come back May the 16th.  We're

22  done with the case.  We've got other matters to take care of.

23  We're done.

24          THE DEFENDANT:  For the record, I am not consenting.

25          THE COURT:  Understood.

1          THE DEFENDANT:  I'm here under special appearance.

2          THE COURT:  Under special appearance.  I understand,

3   Mr. Floyd.

4          (Defendant was removed from the courtroom.)

5          (End of proceedings at 9:42 a.m.)

6                         *****

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   UNITED STATES DISTRICT COURT

2   WESTERN DISTRICT OF NORTH CAROLINA

3   CERTIFICATE OF REPORTER

4

5

6           I, Cheryl A. Nuccio, Federal Official Realtime Court

7   Reporter, in and for the United States District Court for the

8   Western District of North Carolina, do hereby certify that

9   pursuant to Section 753, Title 28, United States Code, that

10  the foregoing is a true and correct transcript of the

11  stenographically reported proceedings held in the

12  above-entitled matter and that the transcript page format is

13  in conformance with the regulations of the Judicial Conference

14  of the United States.

15

16          Dated this 31st day of May 2017.

17

18

19                          s/Cheryl A. Nuccio

20                          _____
                            Cheryl A. Nuccio, RMR-CRR
                            Official Court Reporter

21

22

23

24

25