UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00200-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **PRE-TRIAL** |
| v. | ) | **ORDER** |
| | ) | |
| **BILLY DARRYL FLOYD,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the court's own Motion Providing Notice to All Parties. Having considered its own motion and reviewed the pleadings, the court enters the following Order.

This matter is currently scheduled for jury trial to begin on July 17, 2017. Defendant's presence is required on that day, as is the presence of stand-by counsel. As noted in the Court's prior Order (#66), the jury will be selected and the trial will commence on that day. As noted in that Order and orally at a hearing held on May 15, 2017, this matter will be tried during the July term and the court will not look favorably upon another request for continuance.

Based on defendant's behavior during and at the conclusion of the last hearing, the court will make clear its expectation that all individuals in the courtroom and in the environs of the courthouse are expected to act with proper decorum. This is especially true where fellow citizens are summoned to court to serve as jurors. To that end, defendant is

advised—out of an abundance of caution—that misbehavior and disruptive conduct in the courtroom or the environs of the courthouse can be treated as a contempt of court.

Further, defendant is advised that the court may, in its discretion, withdraw its permission for him to proceed *pro se* if it appears to the court that defendant is attempting to manipulate or disrupt the trial process. In <u>United States v. Bush</u>, 404 F.3d 263 (4th Cir. 2005), the Fourth Circuit held that the district court did not err in denying defendant's request to proceed *pro se* after finding defendant intended to manipulate the trial process. <u>Id.</u> at 271. In reaching this result, the Fourth Circuit noted that "the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." <u>Id.</u> (internal quotations omitted). The Fourth Circuit has held that "the right to self-representation is not to be used as a tactic for delay; for disruption; for distortion of the system; or for manipulation of the trial process." <u>United States v. Hilton</u>, 701 F.3d 959, 965 (4th Cir. 2012) (citation and corresponding quotation marks removed).

Defendant is also advised that in addition to contempt, he may—if the need arises— be removed from the courtroom in accordance with Rule 43(c)(1)(C), Federal Rules of Civil Procedure, but the court certainly hopes that it does not come to that. <u>See</u> <u>Crosby v. United States</u>, 113 S.Ct. 748, 753 (1993). Indeed, while this court was disappointed with defendant's behavior during the last hearing, the court holds out hope that defendant will moderate and conform his behavior to match the decorum of the court and the importance of these proceedings as he did in this court's first hearing with him. To that end, the court will take procedural care to minimize the risk of unfair prejudice to either side so as to

promote both the ends of justice and judicial efficiency.

The court reminds stand-by counsel, in advance of trial, of the need to stay current with the developments in this case and make necessary preparations for trial in the event that her services are needed in trying this case. The court hereby modifies its prior Order regarding the role of standby counsel (#38) to allow up to forty (40) hours each week beginning July 2, 2017 until the beginning of trial. With this Pre-Trial Order, the court provides notice to all parties that improper behavior is to be avoided in the administration of this trial. The court will take reasonable steps to reduce and avoid unnecessary prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the court's own Motion Providing Notice to All Parties is **GRANTED,** and this Pre-Trial Order shall be entered on this matter's docket and mailed to the *pro se* defendant.

**IT IS FURTHER ORDERED** that the court's prior Order (#38) is hereby modified to allow standby counsel up to forty (40) hours per week for the purposes of trial preparation in this matter for the period beginning July 2, 2017 up to and inclusive of the beginning of trial.

Signed: June 2, 2017



Max O. Cogburn Jr
United States District Judge