# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL NO. 3:16-CR-200-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BILLY DARRYL FLOYD, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Recuse Judge" (document # 88) filed July 11, 2017. For the reasons set forth herein, the Motion will be <u>denied</u>.

Defendant seeks the recusal of the undersigned. Specifically, Defendant argues that the undersigned "has not been acting impartial and has been practicing law from the bench…Judge David S. Cayer is clearly on opposing plaintiff side." Doc. 88.

Title 28 of the United States Code, Section 455 governs the disqualification of federal judges. In pertinent part, that statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

28 U.S.C. § 455.

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances

might question the judge's impartiality. See United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). "Bias or prejudice must be proven by compelling evidence." Bardes v. US Courts, No. 1:17-cv-00089-MR-DLH, 2017 WL 3402080, at *2 (W.D.N.C. August 8, 2017) (citing Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000)). The movant must also demonstrate a bias that is extrajudicial or personal in nature, and which results in an opinion based upon something other than what was learned from the judge's participation in the case. Lindsey v. City of Beaufort, 911 F. Supp. 962, 967 n.4 (D.S.C. 1995). "In other words, no recusal is warranted if the alleged bias is 'merely based upon the judge's rulings in the instant case or related cases....'" Farmer v. United States, Nos. 5:10-CR-271-FL-3, 5:12-CV-725-FL, 2013 WL 3873182, at *3 (E.D.N.C. July 25, 2013) (quoting United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984)).

Defendant has not met his burden of showing that recusal of the undersigned is mandated. Defendant has presented nothing more than conclusory allegations of the undersigned's bias or prejudice against him. Accordingly, Defendant's "Motion to Recuse Judge" is DENIED.

The Clerk is directed to send copies of this Order to the Government, standby counsel for Defendant, and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: October 10, 2017

_____
David S. Cayer
United States Magistrate Judge