UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00200-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BILLY DARRYL FLOYD,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion to Recuse and the Court's own Motion to Activate Standby Counsel.

## FINDINGS AND CONCLUSIONS

**I.   Motion to Recuse (#87)**

The Court has closely reviewed defendant's Motion to Recuse and finds it to be patently meritless. Title 28 of the United States Code, Section 455 governs the disqualification of federal judges. In pertinent part, that statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

28 U.S.C. § 455. In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). "Bias or prejudice must be proven by compelling evidence." Bardes v. US Courts,

1

No. 1:17-cv-00089-MR-DLH, 2017 WL 3402080, at *2 (W.D.N.C. August 8, 2017) (citing Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000)). The movant must also demonstrate a bias that is extrajudicial or personal in nature, and which results in an opinion based upon something other than what was learned from the judge's participation in the case. Lindsey v. City of Beaufort, 911 F. Supp. 962, 967 n.4 (D.S.C. 1995). "In other words, no recusal is warranted if the alleged bias is 'merely based upon the judge's rulings in the instant case or related cases....'" Farmer v. United States, Nos. 5:10-CR-271-FL-3, 5:12-CV-725-FL, 2013 WL 3873182, at *3 (E.D.N.C. July 25, 2013) (quoting United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984)). Defendant has not met his burden of showing that recusal of the undersigned is mandated and the motion will be denied.

## II.     Motion to Activate Standby Counsel

Defendant's failure to appear at a peremptorily set trial, his inability to abide by the orders of this court, and his misbehavior in the courtroom and in the environs of the Court have caused the Court to reconsider its Order allowing defendant to represent himself. Indeed, defendant repeatedly interrupted this Court the last time he appeared and fought with Court Security Officers and United States Marshals as he was escorted from the courtroom.

Thus, the question now before this court is whether defendant possesses the ability to represent himself in the upcoming trial during the November 2017 term. As the Supreme Court asks, is the pro se defendant "able and willing to abide by [the] rules of procedure" criteria inasmuch as a defendant's right to self-representation operates in the same way as its "knowing and intelligent" waiver criteria. McKaskle v. Wiggins, 465 U.S. 168, 173 (1984). The Court has determined that defendant, having repeatedly disrupted court, fought with Court Security Officers in the environs of the Court, and having failed to appear for trial, has now demonstrated that he is

unable and unwilling to abide by the rules of procedure through his conduct. Thus, the Court determines that defendant has forfeited his right to self-representation as he is unable to exercise that right in a meaningful way. Further, the Court notes that in activating standby counsel "the balance between a defendant's right to self-representation and the need to "'ensur[e] that evidence admitted against [him] is reliable and subject to ... rigorous adversarial testing' is a delicate matter." Davis v. Grant, 532 F.3d 132, 140 (2d Cir. 2008). The decision to revoke a defendant's right to self-representation is a difficult one, as the appellate court in Davis noted:

> We recognize that a trial-court judge confronted with a defendant who both continues to engage in serious misconduct and insists upon his right to represent himself is placed on the horns of a serious dilemma. The judge must choose between two imperfect solutions-whether to allow the defendant to remain in the courtroom despite persistent misbehavior or to revoke the defendant's right to represent himself. Although we acknowledge the difficult position of the trial-court judge, a number of concerns favor requiring counsel to be appointed to represent a pro se defendant who is involuntarily removed from the courtroom. First, respect for all of a defendant's Constitutional rights, including his Fifth Amendment right to "due process of law," U.S. Const. amend. V, and his Sixth Amendment rights to an "impartial jury" and "to be confronted with the witnesses against him," see id. amend. VI, support the appointment of standby counsel. An absent defendant cannot present witnesses on his behalf or cross-examine prosecution witnesses. An absent defendant cannot object to inadmissible evidence. An absent defendant cannot question potential jury members, present an opening statement, or offer a summation. In short, an absent defendant can protect neither his constitutionally guaranteed trial rights nor his interest in the outcome of the proceeding. Appointing counsel to replace an absented defendant, however, goes a long way towards mitigating these concerns.

Id. at 143. While this Court has been patient with defendant in hearings, similar misconduct cannot be tolerated in the presence of jury for two reasons. First, the public is expects and entitled to jury trials where decorum is observed. Second, similar misconduct by a defendant in front of a jury could lead to a verdict that is based on something other than a dispassionate review of the evidence guided by the Court's instruction on the law. Even a defendant who disobeys court orders and conducts himself in an indecorous manner is deserving of a fair trial and it is this court's duty to

make sure that this defendant's constitutional rights are fully protected. While a defendant's right to represent himself is important and this court has gone to great lengths to protect that right and afforded defendant an opportunity to represent himself, the constitutional right to a fair trial overrides that right and it appears in this case that defendant's right to a fair trial will be at jeopardy if he is allowed to represent himself further. Indeed, based on defendant's behavior at the last hearing before he failed to appear, the Court anticipated that defendant may not conform to courtroom decorum and cautioned him in a written order as to those requirements, advised him of the consequences of misconduct, and also allowed standby counsel to start working full time on a defense anticipating that such misbehavior would occur. The Court has no confidence that if allowed to represent himself defendant could conform his behavior and be able to remain in the courtroom. At this point, the Court concludes that it would be impossible for defendant to continue to represent himself and have a fair trial inasmuch as:

> [a]n absent defendant cannot object to inadmissible evidence. An absent defendant cannot question potential jury members, present an opening statement, or offer a summation. In short, an absent defendant can protect neither his constitutionally guaranteed trial rights nor his interest in the outcome of the proceeding.

Id. In this case, the balance is struck in favor of having standby counsel activated so that the government's evidence may be subject to rigorous adversarial testing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion to Recuse (#87) is **DENIED** and the Court's own Motion to Activate Standby Counsel is **GRANTED**, the Order allowing defendant to represent himself is **RECINDED**, and standby counsel is activated and instructed to fully represent defendant in this matter. The following pro se Motions filed by defendant are **DENIED** as frivolous: #s 81, 82, 83, 84, 89, 92, 93, and 107.

Signed: October 16, 2017



Max O. Cogburn Jr