UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:16-CR-200-MOC |
|---|---|---|
| v. | ) | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| BILLY DARRYL FLOYD | ) | |

The United States of America, by and through Gregory P. Bailey, Trial Attorney for the United States Department of Justice, Tax Division, respectfully submits this memorandum in aid of Defendant's sentencing on August 13, 2018.

## I. INTRODUCTION

Billy Darryl Floyd last filed a correct tax return for the 1998 tax year. Beginning in 2002, the IRS began contacting Mr. Floyd about his delinquent 1999 and forward returns. (Ex. 1). At that time, Mr. Floyd began submitting documents that contained standard tax defier language. (Ex. 1).

This back and forth of the IRS trying to bring Mr. Floyd into compliance and Mr. Floyd actively trying to impede the functions of the IRS went on for some years in this manner. Mr. Floyd would send a letter to the IRS disputing his obligation to pay taxes, (Ex. 2), and the IRS would respond explaining his obligations. (Ex.3). The IRS would send a Notice of Intent to Levy, (Ex. 4), and Mr. Floyd would alter it to make it appear to be a financial instrument discharging his tax obligations. (Ex. 4). Countless notices, correspondence, and assessments were sent to Mr. Floyd attempting to bring him into compliance.

As part of his campaign to not pay federal income taxes, Mr. Floyd repeatedly filed tax

1

returns falsely claiming that his income and tax due was zero. As the agreed upon factual basis reads: "On or about October 11, 2007, the defendant knowingly filed false Amended U.S. Individual Tax Returns, IRS Forms 1040X, for tax years 2000, 2001, and 2002, falsely stating that his tax liability was zero. On or about November 24, 2009, the defendant knowingly filed a false Amended U.S. Individual Tax Return, IRS Form 1040X, for tax year 1999, falsely stating that his tax liability was zero. (Ex. 5). On or about October 22, 2010, the defendant knowingly filed false Amended U.S. Individual Tax Returns, IRS Forms 1040X, for tax years 1999, 2000, 2001, 2002, and 2003, falsely stating that his tax liability was zero." These false returns reported zero where the actual tax due and owing for those years totaled $170,471. (Ex. 6, 7, 8, 9, 10).

In 2010, over seven years after commencing collection efforts, the IRS began the process to seize and sell a piece of real property owned by Mr. Floyd. Over the course of eight months, the IRS made preparations to hold an auction-style sale of the property seized from Mr. Floyd in Union County, North Carolina. Mr. Floyd had other intentions for the disposition of that property. In February 2010, Mr. Floyd sent correspondence to the IRS telling them that their seizure was in violation of the law. On the day of the sale of that property, he proceeded to the Union County, North Carolina Courthouse with the purpose of stopping the sale of the seized property. As the agreed upon factual basis reads: "On August 31, 2010, the defendant interrupted the IRS sale of 6620 Waxhaw Highway, Mineral Springs, North Carolina. The defendant falsely told potential buyers that the sale was illegal and that any buyer would not receive good title to the property. The defendant also asked potential buyers for their name and threatened to sue any buyer of that property. Additionally, the defendant intimidated IRS employees by threatening to follow them to their vehicles following the attempted sale of that property. The sale could not proceed on August 31, 2010 due to the actions of the defendant."

2

Following the attempted sale on August 31, 2010, Mr. Floyd continued his campaign to obstruct the lawful functions of the IRS. On September 17, 2010, Mr. Floyd filed a UCC Financing Statement with the Union County Register of Deeds falsely claiming that Mark Courtney, an IRS employee working on Mr. Floyd's case, was a debtor to Mr. Floyd for the property at 6620 Waxhaw Highway with a value of over $100,000. On October 18, 2010, Mr. Floyd file a UCC Claim of Lien with the Union County Register of Deeds against the property at 6620 Waxhaw Highway, knowing that he had no rights in that property but attempting to frustrate the lawful sale by the IRS.

In another attempt to unlawfully eliminate his federal income tax debt, Mr. Floyd submitted various fictitious financial instruments, called "Surety Bonds." As the agreed upon factual basis reads: "On or about March 20, 2011, the defendant sent to the IRS five fictitious 'Surety Bonds' which falsely purported to satisfy portions of his tax due and owing. On or about May 16, 2011, the defendant sent to the IRS a fictitious 'Surety Bond' which falsely purported to satisfy a portion of his tax due and owing." (Ex. 11, 12, 13, 14, 15, 16).

## II. ADVISORY SENTENCING GUIDELINES

The Government agrees with the PSR that the base offense level is 16 pursuant to §§ 2T1.1 and 2T4.1(F) based on an agreed tax loss of $170,471. Further, both parties agree that a two-level enhancement is applicable for obstruction of justice under § 3C1.1. The PSR concludes, and the Government agrees, that the total offense level is 18. Defendant is a criminal history category II, resulting in a guidelines range for imprisonment of 30-36 months adopted by the PSR, and concurred with by the Government.

The United States opposes any reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) or § 3E1.1(b). While a defendant who pleads guilty prior to trial will

3

normally receive this adjustment, applying acceptance of responsibility and obstruction of justice simultaneously is reserved for "extraordinary cases." U.S.S.G. § 3E1.1, App. Note 4. This factual-based judgment is to be made by the District Court. *United States v. Knight*, 606 F.3d 171, 176 (4th Cir. 2010). Like the defendant in *Knight*, who did not receive the acceptance of responsibility adjustment, Mr. Floyd "[ran] away from the justice system . . . [a]nd . . . was only brought back in the justice system by arrest." *Id.* at 177.

The factual analysis required in this case sets forth grounds to not apply the acceptance of responsibility reduction for Mr. Floyd. First and foremost, Mr. Floyd violated an order of the Court, absented himself on the first day of his long-scheduled jury trial, and evaded a federal arrest warrant for almost three months. Second, the government was ready to proceed to trial on July 17, 2017. Witnesses had been subpoenaed; counsel, staff, and witnesses had travelled to Charlotte from various parts of the country; and the government had provided the defense with a complete set of exhibits, including demonstratives. Mr. Floyd essentially put the government to their burden by requiring complete trial preparations, and then chose to flee.

### III.  SECTION 3553 FACTORS

The Court must consider the factors set forth in § 3553(a) in fashioning a sentence that is sufficient, but not greater than necessary, to achieve the statutory purpose of sentencing. In this case, the Guidelines calculations appropriately account for the 3553 factors and a within-Guidelines sentence is sufficient, but not greater than necessary.

Section 3553(a)(1) requires an evaluation of the nature and circumstances of the offense and the history and characteristics of the Defendant. As detailed above, the present offense was not a one-time act. This was an extended, intentional campaign by the Defendant in spite of persistent attempts by the IRS to bring him back into compliance. The Defendant's history is

4

accurately reflected both in the factual basis for the present offense and his criminal history delineated in the PSR.  The Guidelines calculation accurately accounts for these factors with respect to Mr. Floyd.

Section 3553(a)(2) requires that the Court fashion a sentence that (A) reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (B) affords adequate deterrence; (C) protects the public from further crimes of the defendant; and (D) provides the defendant with needed training, medical care and other correctional treatment. In this case, consideration of the 3553(a)(2) factors warrants a Guidelines range sentence.  Mr. Floyd's significant history of defiance demonstrates a need for specific deterrence for him.  Further, the general deterrence generated by a Guidelines-range sentence in important in the collection of federal income taxes.

## IV.  SENTENCING RECOMMENDATION

Based on the facts and arguments in this Memorandum, the Government requests a sentence at the top end of properly calculated Guidelines range, specifically 36 months.

Respectfully submitted this the 6th day of August, 2018.

                                        R. ANDREW MURRAY
                                        UNITED STATES ATTORNEY

                                        *s/ Gregory P. Bailey*
                                        Gregory P. Bailey
                                        Trial Attorney
                                        Tax Division, United States Department of Justice
                                        601 D Street, NW
                                        Washington, DC 20004
                                        Ph:   202-305-3664
                                        Fax: 202-514-0961
                                        gregory.p.bailey@usdoj.gov

# CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on August 6, 2018, the foregoing document was filed using ECF, which will notify counsel of record.

                                      s/ Gregory P. Bailey
                                      Gregory P. Bailey