UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CARLOINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | SENTENCING MEMEORANDUM |
| | ) | MOTION FOR DEPARTURE |
| | ) | MOTION FOR VARIANCE |
| vs. | ) | |
| | ) | |
| | ) | Docket No. 3:16-CR-200-MOC |
| BILLY DARRYL FLOYD | ) | |

## INTRODUCTION

Billy Darryl Floyd made a mess of his case when he was acting *pro se* representing himself in this six (6) count Bill of Indictment charging Title 26 Tax offenses. Besides filing frivolous Motions, disrupting the Court on more than one occasion, being led off the courthouse property by Court Security Officers and U.S. Marshals and being told not to come back, he failed to appear in court when ordered using the weak excuse "he was told not to come back." As a result of his own misguided and uncounseled decisions, he was arrested as a fugitive in Tennessee and brought back to this Court to face trial. During the time he was a "fugitive," he communicated to the Court on three (3) separate occasions (See Docket entries 100, 101, and 103). The history of Mr. Floyd's unsophisticated, *uncounseled*, and frivolous filings with the court (which he has now withdrawn), his unskillful and *uncounseled* efforts to communicate directly to the Court (resulting in Contempt of Court), and his overall stubbornness and orniness make this a challenge for the Court at sentencing.

The Federal Court is certainly not a Church, however, where it can, both church and Court should recognize redemption, confession of sin and wrongdoing, and commitment to walk the path of righteousness and law. In that respect, the case of Billy Darryl Floyd is extraordinary and should be recognized as such. In this time of Internet disinformation and misinformation, millions, nay, tens of millions of people are pulled down rabbit holes and worm holes and never get out. In the words of Peter Townsend and The Who, "You know that hypnotized never lie." Billy Darryl Floyd was one of those countless souls pulled into one of the many worm holes of Tax Law Disinformation and Misinformation. Working people who operate their own lawn

service, like Mr. Floyd, are no different than the multi-millionaires who get pulled into exotic tax planning. The difference is that wealthy have "counsel." Mr. Floyd, with the assistance of counsel, has been able to extricate himself from the morass of Internet hypnosis. This too is extraordinary and should be recognized as such. It is akin to exfiltrating a lost soul from a cult, and the lost soul becomes found again.

## **MR. FLOYD SHOULD RECEIVE A TWO LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY**

The Presentence Report is correct in stating the legal principles addressing Acceptance of Responsibility when paired with an enhancement for Obstruction of Justice (¶17, page 6). Further, the Fourth Circuit has recently decided a case interpreting the conflict of the United States Sentencing Guidelines when both arguably apply. *United States v. Harris*, 890 F. 3d 480 decided May 21, 2018. Harris says, "defendants who have obstructed justice must make a heightened showing of acceptance of responsibility to receive the reduction. The 'determination of the sentencing judge is entitled to great deference." *Harris* at 488.

A *pro se* defendant trying his or her own case to a jury is difficult task for the Court, for the prosecutor, for the jury, and the appellate courts. This difficulty is especially **heightened** (using the term in *Harris*), when a defendant has a fundamental misunderstanding of the law and the procedure fueled by too numerous to count Internet affirmations that appear credible to the untrained mind. This is the place the Court, the Department of Justice, and Mr. Floyd found themselves upon Mr. Floyd's return to the District for trial.

Because Mr. Floyd's personality has been on display, counsel for Mr. Floyd received remarks of incredulity from more than a few veterans of Federal Court practice remarking on his plea of guilty. Mr. Floyd's remarks at the Rule 11 hearing and his written acceptance of responsibility demonstrate a "heightened showing" of acceptance. If "heightened" is measured by distance traveled, Mr. Floyd has traveled from the far desert reaches of denial to the sincere oasis of acceptance, from the valley of willful blindness to the mountaintop of acceptance with a 360 degree view of his past wrongful behaviors. This was and is no small feat. To save the Court from a lengthy and *pro se* trial ought to receive a greater than 2 level reduction.

## MOTION FOR DEPARTURE

Mr. Floyd has three (3) criminal history points, establishing his criminal history category at II (¶39, page 9). Two of his three criminal history points are from Contempt citations and Orders from the court (¶¶36-7, page 9). §4A1.3(b) of the United States Sentencing Guidelines permits the court to depart downward if the defendant's criminal history category substantially over represents the seriousness of the defendant's criminal history. Such is the case here. The defendant's criminal history represents undisciplined and unskillful communication with the court rather than criminal conduct.

## MOTION FOR VARIANCE AND SUMMARY OF RELEVANT LAW

The Supreme Court and Circuit Courts across the country encourage sentencing courts to exercise great discretion in imposing a just and fair sentence. See e.g., *Spears v. United States*, 555 U.S. 261 (2009); *Rita v. United States*, 551 U.S. 338 (2007); *United States v. Kimbrough*, 552 U.S. 85 (2007); *United States v. Booker*, 543 U.S. 220 (2005). In exercising its utmost discretion to fashion an appropriate sentence, "the sentencing judge [must] consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). The district court must impose a sentence in accordance with the factors set forth in 3553(a), of which the advisory United States Sentencing Guidelines "now serve as one fact among several [that] courts must consider in determining an appropriate sentence." *Kimbrough*, 552 U.S. at 90.

The Federal Sentencing Guidelines are advisory and do not preempt "an individualized assessment based on the facts presented." *United States v. Gall*, 552 U.S. at 50. Indeed, the Supreme Court has specifically ruled that, in balancing the section 3553(a) factors, a district court may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Kimbrough*, 552 U.S. at 91. As Congress directed in 18 U.S.C. 3553(a), the fundamental principle of sentencing is that a court "shall impose a sentence sufficient, but not greater than necessary" to meet specific sentencing goals, including the goal of just punishment. Thus, "if a district court were explicitly to conclude that

two sentences equally served the statutory purpose of 3553, it could not . . . impose the higher." *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d. Cir. 2006). In all cases, a term of imprisonment is "not an appropriate means of promoting corrections and rehabilitation." 18 U.S.C. 3582(a).

## **SENTENCING FACTORS**

The sentencing factors are more than a "laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overreaching principle" that the court must consider "the entire constellation of section 3553(a) factors, include the need to avoid unwarranted disparity." *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008)(citations omitted). The tapestry of factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence imposed; (3) and (4) the kinds of sentence available and the Guidelines' range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a).

In the instant case, the Court should consider Mr. Floyd's his acts of kindness to others, especially his family, his long history of employment, his acceptance of responsibility and entering a plea of guilty in this investigation, the steps he has taken to remedy the situation, the lack recidivism, and his lack of danger to the public. Mr. Floyd also requests that this Honorable Court consider the treatment of other defendants in tax cases who have already been sentenced for similar conduct.

18 U.S.C. 3553(a)(6) requires the Court to avoid unwarranted disparities in sentences of similarly situated defendants. Criminal tax cases are few in number and present unique facts and circumstances at sentencing. Many times, those charged with criminal tax offenses have little or no criminal record, present a lack of danger to the public, have accepted responsibility, and have taken steps to pay money owed to the Internal Revenue Service. Given these facts and circumstances, courts have regularly varied from the sentencing guidelines when sentencing defendants charged with tax crimes.

Despite sometimes egregious facts, United States District Courts, including Judges in the Western District of North Carolina, have routinely varied significantly downward at sentencing in tax evasion cases.   Therefore, Mr. Floyd requests this Honorable Court consider the treatment of defendants in these tax evasion cases who have already been sentenced.

*U.S. v. Weissenbach* – 3:08CR172 - Western District of North Carolina
Probation with a period of home detention;
*U.S. v. Kim* – 3:09CR159 - Western District of North Carolina
Probation with a period of home detention;
*U.S. v. Oh* – 3:11CR233 - Western District of North Carolina
Probation with a period of home detention;
*U.S. v. Anthony Nguyen* – 3:12CR155 - Western District of North Carolina
6 months imprisonment followed by a period of home detention;
*U.S. v. Teng Lor* – 3:15 CR 80 – Western District of North Carolina
6 months imprisonment followed by a period of house arrest;
*U.S. v. Peter Gjuraj* – 5:17CR31 – Western District of North Carolina
8 months imprisonment followed by a period of home detention.

18 U.S.C. 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. Like any federal felony, this offense is serious. The offense Mr. Floyd committed, however, was nonviolent. He presents no danger to the community. Mr. Floyd has anguished and agonized over his decisions to engage in this conduct. He recognizes that his conduct was wrong and he has expressed remorse for his conduct.   Mr. Floyd will do everything he can to resolve his tax issues in a timely and appropriate manner. He has the ability to repay the government in full if allowed to continue working.

The Presentence Report describes the family side and the work side of Mr. Floyd. He has worked all of his life and supported his family. He is the sole support of his 19 year old daughter who is presently living in his house. Counsel for defendant is aware of the IRS efforts to remove Mr. Floyd's daughter and sell his house and apply the proceeds to his debt. It would not be unfair to describe Mr. Floyd as a transformed person, possessing more humility, a newly resolved

commitment to serve, and possessing a commitment to law and honor. He is sincere, knowledgeable, hardworking, and diligent. He has no significant criminal history.

After *Booker* and *Gall*, courts may grant additional consideration to defendants who demonstrate acceptance of responsibility "because such conduct bears directly on their character, 18 U.S.C. 3553(a)(1), and on how severe a sentence is necessary to provide deterrence and punishment, 18 U.S.C. 3553(a)(2)." *United States v. Severino*, 454 F. 3d 206, 211 (3d Cir. 2006). "The district court has a responsibility to look at the whole picture when making its determination of whether a defendant has genuine remorse." *United States v. Howe*, 543 F.3d 128, 135 (3d Cir. 2008). Acceptance of responsibility has become a complicated issue in Mr. Floyd's case, but when considered from where he began, it becomes all the more genuine.

18 U.S.C. 3553(a)(2) requires the Court to consider the need for the sentence imposed. The sentence imposed should reflect the seriousness of the crime, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide any needed educational or vocational training. Mr. Floyd's acceptance of responsibility, his hard working life, his dedication to his family are important considerations.

There is every indication that the Mr. Floyd will not be a repeat offender. In *Gall*, the Supreme Court rejected any notion that probation is not punishment. *Gall*, 552 U.S. at 48. "We recognize that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms. Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty." *Id.* "Probation is not granted out of a spirit of lenience . . . probation is not merely letting an offender off easily . . . the probation or parole conditions imposed on an individual can have a significant impact on both that person ad society . . . ." *Id.* at 49, fn 4. A sentence of probation reasonably addresses general deterrence in tax offense cases and such a sentence "imposes a substantial restriction of freedom." *Tomko*, 562 F.3d at 573. Mr. Floyd is not asking for probation in this case. He understands that a period of supervised release will be required which is the substantial equivalent of probation. Mr. Floyd does not pose a significant threat of re-offending or otherwise endangering the public. He "has not shown by his prior conduct that he is in need of incarceration to prevent him from engaging in [future] criminal conduct." *United States v. Ontiveros*, 2008 WL 2937539 at *5 (E.D. Wis. 2008) (considering lack of criminal conduct important in below guidelines sentence).

18 U.S.C. 3553(a)(3) and (4) require the Court to consider the kinds of sentences available and the sentencing guideline range. The advisory Guideline range is an offense level of 18, and, consequently, a Zone D sentencing guidelines range of 30 to 36 months incarceration. However, "the Guidelines are only one of the factors to consider when imposing sentence, and 3553(a)(3) directs judges to consider sentences other than imprisonment," <u>Gall</u>, 552 U.S. at 59. A sentence below the guideline range is a statutorily allowable sentence.

The presentence report in this case contemplates a no reduction for Mr. Floyd's acceptance of responsibility. In this case, Mr. Floyd immediately agreed to a plea after conferring at length with counsel and accepted full responsibility, and worked diligently to correct his prior missteps. A sentence below the guidelines range is common in criminal tax cases- only 35.5% of the 660 defendants for federal tax offenses during Fiscal Year 2010 received a sentence within the applicable guidelines range. For the reasons discussed herein, the Court should impose a sentence below the advisory guideline range <u>Cf.</u> <u>Gall</u>, 552 U.S. at 44 (upholding a sentence of probation for a defendant who pled guilty to distribution of ecstasy where the guidelines range was 30 to 37 months).

18 U.S.C. 3553(a)(7) requires the Court to provide restitution to any victims of the offense. Mr. Floyd owns his house, *for now*. He can refinance and he has honest hard work waiting that hopefully will enable him to repay the government *in full* prior to the expiration of his supervised release.

Analysis of the sentencing factors for Mr. Floyd supports a sentence below the guideline range. Importantly, the law does not require Mr. Floyd to show special reasons why his sentence should be below the Guidelines' range. In <u>Gall</u>, the Supreme Court rejected any requirement of a showing of "extraordinary circumstances" to justify a sentence below the Guidelines' range as "not consistent with our remedial opinion in *United States v. Booker*." <u>Gall</u>, 552. U.S. at 47. The Court explained that this approach "come[s] too close to creating an impermissible presumption of unreasonableness for sentences outside the Guideline range." <u>Id.</u> Requiring "extraordinary circumstances" to justify a below Guidelines' sentence would impermissibly elevate the Guidelines above the other factors articulated in 18 U.S.C. 3553. <u>Id.</u> In sum, in every case, a sentencing court must now consider all of the Section 3553(a) factors, not just the Guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

## CONCLUSION

After applying the factors set forth in Title 18, United States Code, Section 3553, and for the following reasons Mr. Floyd should receive a sentence below the advisory guideline range: 1) Mr. Floyd is the only support of his daughter Hannah; 2) he can successfully refinance his house which would enable him to repay the government if not in full, at least substantially, 3) Mr. Floyd has a successful business; 4) he can successfully adjust to supervision. A sentence of less than the advisory guideline range, is "sufficient but not greater than necessary to comply with the purposes of sentencing." 18 U.S.C. 3553(a); See *Kimbrough v. United States*, 522 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Booker*, 543 U.S. 220 (2005).

For the foregoing reasons, we respectfully request that the Court vary from the advisory guideline sentence and sentence Mr. Floyd to Zone D active sentence imprisonment of not more than 16 months. A sentence of a year and a day would be sufficient but not greater than necessary in this case. Such a sentence will allow him to continue to work and it will also allow him to continue to provide for his family. It would not unnecessarily add to prison over population. It would be a sentence tailored precisely for this defendant and this crime and would transform yet one more individual to live a life of service and stewardship even after the Court's supervision ends.

Respectfully submitted, this the 6th day of August, 2018.

   /s/ Eben T. Rawls
EBEN T. RAWLS
NC Bar # 8478
Attorney for Defendant
Rawls, Scheer, Clary, & Mingo, PLLC
1011 East Morehead Street
Charlotte, North Carolina 28204
704-376-3200 (office)
704-332-2716 (fax)
erawls@rscmlaw.com

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has, this day, served a copy of the attached Memorandum and Motion on the parties listed below by ECF Notification system at the email address listed below.

**Mr. Gregory P. Bailey**
Assistant United States Attorney
Tax Division, Department of Justice
601 D Street, NW, Suite 7919
Washington, D.C. 20004
gregory.p.bailey@usdoj.gov

This the 6th day of August, 2018.

_____

s/EBEN T. RAWLS
NC Bar # 8478
Attorney for the Defendant
Rawls, Scheer, Clary & Mingo, PLLC
1011 East Morehead Street, Suite 300
Charlotte, North Carolina 28204
704-376-3200 (office)
704-332-2716 (fax)
erawls@rscmlaw.com